LOTTINGER, Judge.
MOTION TO DISMISS APPEAL
This is a suspensive appeal taken by the plaintiff from a judgment of the Lower Court dissolving the temporary restraining order and dismissing plaintiff’s request for a preliminary injunction on behalf of defendant, Leonard Kinchen. The Lower Court awarded the defendant, Kinchen, damages and attorney fees in amount of $300.00.
This suit was filed on November 14, 1967, and is entitled “Suit to Rescind Partition and Sale and Injunction”. A temporary restraining order was issued in said cause. This matter was assigned for trial for February 19, 1968, and was taken up at that time. After hearing the evidence and arguments on said date, the Court took the matter under advisement *92 with the rights of both parties to file briefs. In said matter, the defendant, Kinchen, had filed a motion to dissolve the temporary restraining order and dismiss the plaintiff’s request for a preliminary injunction. On March 22, 1968, the Lower Court rendered a judgment for and in favor of the defendant, Kinchen, and against the plaintiff, dissolving the temporary restraining order and dismissing the plaintiff’s request for a preliminary injunction, all at the cost of the plaintiff. The Lower Court further rendered a judgment in favor of the said defendant, Kin-chen, in the amount of $300.00 as damages and attorney fees for the wrongful issuance of said restraining order. This judgment was rendered and signed on March 22, 1968, and the minutes of the Lower Court show that the attorney for plaintiff was present in Court. Notice of this judgment was mailed to the plaintiff on April 11, 1968, and on April 24, 1968, plaintiff obtained an order for a suspensive appeal from the final judgment rendered in said cause, returnable to the Court of Appeal, First Circuit, on June 18, 1968, conditioned upon her furnishing bond in the amount of $500.00.
Defendant has now filed a motion in this Court asking that the appeal be dismissed, contending that since plaintiff’s attorney was present in court when judgment was rendered and signed by the Lower Court, that constitutes sufficient notice and notice from the Clerk of Court was unnecessary and that therefore since more than 31 days has elapsed the appeal is untimely. Attorney for defendant further admits that had not the plaintiff’s attorney been present when said judgment was rendered and signed in the Lower Court, then the date of the Clerk’s notice would have been binding.
Plaintiff, on the other hand, contends that since this case had been taken under advisement by the Lower Court, he was entitled to notice of the signing of the final judgment therein, according to Article 1913 of the Code of Civil Procedure.
The articles of the Code of Civil Procedure dealing with the matter are found under Nos. 2123, 1974, and particularly 1913. We take the privilege of quoting Article 1913 of the Code of Civil Procedure which states as follows:
“Art. 1913. Notice of Judgment
Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first two paragraphs of this article, notice of the signing of a final judgment is not required. As amended Acts 1961, No. 23 § 1.” (Italics ours.)
Article 3307 as is referred to in the above quoted article has no application in this instance, as it pertains to certain succession matters.
One of the principal reasons for requirement that the Clerk mail notices of final judgment is to enable parties who have had their cases taken under advisement to be afforded notice of judgment so as to be able to file their application for new trial or to petition for appeal. X-L Finance Company v. Hollinger, La.App., 185 So.2d 873.
In plaintiff’s opposition to the motion to dismiss this appeal, the attorney *93 for plaintiff admits that he was in the Lower Court on March 22, 1968, the date that this judgment was rendered and signed, but was in court on a different matter unrelated to the issue of this appeal. It appears to us that according to Article 1913 as above quoted it is mandatory, as the Code uses the word shall mail the notice of the signing of the final judgment to the parties in the case when the case has been taken under advisement. Just because the attorney for plaintiff happened to- be in that court on that same date on a different matter and possibly not paying any attention to what the court was doing, when the attorney could have had his attention distracted to other matters, is no reason in our opinion to say that the notice was unnecessary.
Counsel for defendant has cited us the case of Spears v. Fourmy et al., La.App., 150 So.2d 342 for the proposition that when counsel is- present in court, when the judgment is rendered, no notice is necessary. We note, however, that in the case cited the matter that was disposed of on that date was taken up and tried and the court rendered its judgment instanter, without taking the case under advisement. Therefore, the notice sent to the attorneys for the parties under those circumstances was superfluous and not mandatory. Of course, in the case cited the attorney was in court that day on the case at issue and not on foreign matters, and furthermore the Lower Court rendered its judgment instanter without taking it under advisement, whereas we have a different situation in the instant case. Here the Lower Court took the matter under advisement and rendered its judgment more than a month later.
Therefore, for the above and foregoing reasons, the motion to dismiss the appeal is denied.
Motion denied.