LOTTINGER, Judge.
This is an appeal from a judgment dissolving a temporary restraining order, denying plaintiff’s request for a preliminary injunction, and awarding damages and attorney fees to the defendant. The plaintiff, Edna Steward Kinchen, filed suit to rescind a partition and sale and asked for a temporary restraining order restraining and enjoining the defendants from encumbering or transferring a part of the lands in question and further asked for a preliminary injunction. The temporary restraining order was granted, and a hearing was set as to why a preliminary injunction should not be issued in the form of the temporary restraining order. The defendants moved to dissolve the temporary restraining order, and to deny the writ of preliminary injunction. A hearing on this motion was held on February 19, 1968, after which hearing the Court took under advisement the question of the dissolution of the temporary restraining order and the denying of the preliminary injunction. On March 22, 1968, judgment dissolving the temporary restraining order and denying the plaintiff’s request for a preliminary injunction, and awarding damages and attorney fees to Leonard K. Kinchen was rendered, read and signed in open Court. On April 23, 1968, the Trial Judge granted a suspensive appeal to the plaintiff returnable on June 18, 1968, which suspensive appeal was filed on April 24, 1968. The sus-pensive appeal bond was also filed on April 24, 1968.
It is the opinion of this Court that we must ex proprio motu dismiss this appeal. The Code of Civil Procedure deals with injunctions in Book VII, Title 1, Chapter 2, Arts. 3601 et seq. Appeals from injunctions and related matters are covered by LSA-C.C.P. Art. 3612 which provides:

“There shall be no appeal from an order relating to a temporary restraining order.

An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the Court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The Court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order *48 or judgment relating to a preliminary or final injunction shall he as provided in Book III.” (Emphasis added)
The plaintiff-appellant is appealing from an order which dissolved a temporary restraining order, denied a request for a preliminary injunction, and awarded damages and attorney fees. There is no question but that as to the portion of the judgment dealing with the temporary restraining order there is no appeal. Further, there is no question but that this was an interlocutory order inasmuch as plaintiff’s action on the merits was not settled.
The judgment was signed on March 22, 1968, and the appeal was granted on April 23, and filed along with the appeal bond on April 24, 1968, more than 15 days from the date of the judgment. The plaintiff makes mention in his “Petition for Appeal” that notice of the judgment was mailed on April 11, 1968. We are of the opinion that when LSA-C.C.P. Art. 3612 states: “An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment”, it is mandatory that the appeal be taken within 15 days from the date of the order or judgment and not within 15 days from the date that the notice of judgment is mailed.
A devolutive appeal is governed by LSA-C.C.P. Art. 2087, which provides:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appel-lee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolu-tive appeal in the case, whichever is later. As amended Acts 1962, No. 92, § 1.”
Further, a suspensive appeal is governed by LSA-C.C.P. Art. 2123, which provides:
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
It must be noted that the only real difference between the delay for taking a sus-pensive appeal and that for taking a devo-lutive appeal is the number of days allowed. Both articles set forth when the delay period commences to run and all are keyed upon an application for the granting of or the denying of a new trial.
Both LSA-C.C.P. Arts. 2087 and 2123 make reference to LSA-C.C.P. Art. 1914, which provides:
“When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order *49 or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.
The provisions of this article do not apply to an interlocutory injunctive order or judgment.” (Emphasis added).
There is no question but that the provisions of LSA-C.C.P. Art. 1914 do not apply to this proceeding inasmuch as this was an interlocutory judgment dealing with an injunctive order.
Further, the last paragraph of LSA-C. C.P. Art. 3612, provides:
“Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.”
The third paragraph of Art. 3612 provides that “An appeal * * * must be taken * * * within fifteen days from the date of the order or judgment.” Nowhere in Article 3612 can there be found any reference to the counting of the fifteen day delay period from any other date other than the date of the order or judgment. See Kellogg v. Hall, 159 So.2d 596, La.App. 3rd Cir. 1964. Article 3612 therefore provides in explicit mandatory language as to when the delay commences to run, and this provision is therefore a.n exception to the procedure for an appeal as found in Book III of the Code of Civil Procedure, which would be the general articles on appellate procedures. As between general and special articles, the special governs.
As above noted this appeal is being dismissed on the motion of this Court and not on the motion of the appellee. For the effect of the appellee in failing to move to dismiss this appeal within the three day delay period provided for in LSA-C.C.P. Art. 2161, see Bulk Transport v. General Truck Drivers, W. & H.L.U., 195 So.2d 159, La.App. 1st Cir. 1967.
For the reasons hereinabove assigned, the appeal herein taken is dismissed at appellant’s cost.
Appeal dismissed.