BARHAM, Justice.
 

 This suit was filed by the plaintiff-relator to rescind a partition and sale, and a temporary restraining order was issued to enjoin the defendants from encumbering or transferring the property involved. A hearing was held on February 19, 1968, on the dissolution of the restraining order, on the granting of a preliminary injunction, and on other matters. Motions for summary judgments were granted on behalf of defendants Coy Kinchen, Inc., and Jackson W. Ratcliff, dismissing them as parties
 
 *31
 
 to the suit and reserving their rights to claim attorney’s fees. The motion for dissolution of the restraining order and the motion for a preliminary injunction, which affected only the remaining defendant, Leonard Kinchen, were taken under advisement with leave for both parties to file memoranda. On March 22, 1968, judgment was rendered and signed in open court dissolving the temporary restraining order, denying the request for a preliminary injunction, and granting an award of damages and attorney’s fees in the amount of $300.00 in favor of Leonard Kinchen.
 

 On April 23, 1968, a suspensive appeal w,as granted to plaintiff-relator. On April 24, 1968, the suspensive appeal and the bond were filed. A motion to dismiss was filed in the Court of Appeal urging the appeal to be untimely, and judgment was rendered denying the motion. 211 So.2d 91. The Court of Appeal recognized that the minutes of the district court and the judgment showed -that the attorney for the plaintiff was present on the day judgment was rendered, but concluded that since notice of judgment was required under Code of Civil Procedure
 

 Article 1913, “ * * * Just because the attorney for plaintiff happened to be in that court on that same date on a different matter and possibly not paying any attention to what the court was doing, when the attorney could have had his attention distracted to other matters, is no reason in our opinion to say that the notice was unnecessary”.
 

 On consideration of the merits of the case, the Court of Appeal ex proprio motu reconsidered the timeliness of the appeal and dismissed it, holding that Code of Civil Procedure, Article 3612 controlled.
 
 [1]
 
 224 So.2d 46. It held that Article 1914 of that Code was not applicable to this judgment which was “ * * * an interlocutory judgment dealing with an injunctive order”. It concluded that the appeal had to be filed within 15 days of the judgment, and that the date of mailing notice of judgment was not controlling.
 

 Relator first argues before us that the original ruling on the timeliness of the appeal was res adjudicata. We readily conclude that it was not. It is argued that since the question of timeliness of the
 
 *33
 
 appeal was raised, considered, and rejected on the motion to dismiss and since no application for rehearing was filed, the judgment became final in accordance with Code of Civil Procedure Article 2167. There is no merit to this argument. A ruling on a motion to dismiss refusing to dismiss the appeal is not a final judgment since under that very ruling the appeal will be considered on the merits. We have held that the denial of a motion to dismiss an appeal is in the nature of an interlocutory order which is subject to revision on rendition of final judgment on the merits. State ex rel. Leche v. Fowler, 42 La.Ann. 144, 7 So. 180, and Hamilton v. His Creditors, 51 La.Ann. 1035, 25 So. 965. Furthermore, the untimely filing of the appeal would strike at the jurisdiction of the court, and an appeal can be dismissed at any time for lack of jurisdiction. C.C.P. Art. 2162; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.
 

 Counsel for plaintiff-relator then proposes that his petition for appeal was timely filed. He argues that since the case was taken under advisement in the trial court, he was entitled to a notice of the signing of the judgment, and that the time for taking an appeal did not commence to run until that notice was mailed. He states that he received such a notice dated April 11, 1968. The notice is not in the record, but according to the transcript of the hearing, the trial judge stated unequivocally in response to a request for notice of judgment that notice would be sent, and there is no contention by the defendant-respondent that notice was not in fact mailed.
 

 Argument was made before the Court of Appeal and before this court that the minutes of the proceedings in the trial court were incorrect, and a motion for remand to the trial court for adversary hearing to correct the minutes has been presented to this court.
 
 [2]
 
 However, we pretermit a discussion of this issue since a determination of the timeliness of plaintiff-relator’s appeal can be made without resort to the preciseness of the minutes.
 

 Only two matters were presented by plaintiff for consideration on appeal. The first was that it was error for the trial judge to dissolve the temporary restraining order. There can be no appeal from an order relating to a restraining order, so the timeliness of an appeal on this issue was not before the court. C.C.P. Art. 3612. The other matter raised on appeal was that the trial court erred in granting a money judgment of $300.00 for the wrongful issuance of the restraining order.
 
 [3]
 

 
 *35
 
 We are in complete agreement with the Court of Appeal that an appeal from an interlocutory order or judgment must be taken within 15 days from the judgment or order. However, we find that the decree for a money judgment for the wrongful issuance of the restraining order is a final judgment even when coupled with an interlocutory order in a preliminary injunction proceeding. Code of Civil Procedure Article 3612 makes no reference to those final judgments for damages and attorney’s fees. Since this portion of the judgment was taken under advisement along with the matters relating to the interlocutory matters, plaintiff-relator was entitled to notice of judgment under Code of Civil Procedure Article 1913 which provides that notice of the signing of a
 
 final judgment
 
 shall be given when a case has been taken under advisement. Apparently out of an abundance of caution counsel for plaintiff-relator in this case specifically requested the mailing of notice of the signing of any judgment, and the trial court assured counsel notice would be given.
 

 Although Code of Civil Procedure Article 3612 controls interlocutory orders rendered on injunctive issues, in this case where the only appealable issue is from a final money judgment and not from an interlocutory order or judgment in connection with a preliminary injunction, we find that the delays for filing the appeal did not begin to run until the mailing of notice of judgment, and that this appeal was timely.
 

 Since there has been no consideration of the merits on appeal, we find it necessary to remand the case to the Court of Appeal.
 

 For these reasons the judgment of the Court of Appeal, First Circuit, is reversed, and the case is remanded to that court for a consideration of the merits. Assessment of costs shall await final determination of the case.
 

 [1]
 

 . Article 3612 roads:
 

 “There shall be no appeal from an order relating to a temporary restraining order.
 

 “An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pend-ency of an appeal unless the court in its discretion so orders.
 

 “An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
 

 “Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.”
 

 [2]
 

 . The controversy over the minute entries is whether counsel for plaintiff-relator was present in the trial court on the day judgment was rendered for a different matter or on the issues presented to this court.
 

 [3]
 

 . Although plaintiff-relator complains that the judgment was for attorney’s fees and the minutes so indicate, the decree in the judgment awards $300.00 for “damages and attorney fees’’.