255 So.2d 433 (1971)
William M. RASBERRY, Plaintiff-Appellee,
v.
Gearl Max ENGLISH and Mrs. Alta English, Defendants-Appellants.
No. 3717.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1971.
Motion to Dismiss Denied October 27, 1971.
*434 Planchard & Thompson by Glen A. James, Sulphur, for plaintiff-appellee.
Maurice L. Tynes, Lake Charles, for defendants-appellants.
Before FRUGE, HOOD, and CULPEPPER, JJ.

ON MOTION TO DISMISS SUSPENSIVE APPEAL
FRUGE, Judge.
On February 18, 1971, this case was tried and the matter taken under advisement by the trial judge. On March 2, 1971, the judgment was read and signed in open court. Present during the reading and signing were the attorneys for the plaintiff-appellee and the defendants-appellants. On April 8, 1971, the defendants filed a motion and order for a suspensive, and in the alternative, a devolutive appeal, and on that date also furnished legally acceptable security in the amount of $5,000 as bond for their appeal. The plaintiff, William M. Rasberry, has filed a motion to dismiss the suspensive appeal, alleging that it was not perfected within the delay authorized by law.
Louisiana Code of Civil Procedure, Article 1913, second paragraph reads as follows:
"Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel."
The importance of this requirement that the Clerk of Court notify counsel of record for each party arises with regard to the computation of the time allotted for applying for a new trial, for Louisiana Code of Civil Procedure, Article 1974 states:
"The delay for applying for a new trial shall be three days, exclusive of legal holidays * * *
"When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
The day following the clerk's mailing of the Notice of Judgment is the first day of the three within which application for new trial may be made. It is of importance herein since that particular day determines the time within which one may take a suspensive appeal. Louisiana Code of Civil Procedure, Article 2123 states:
"Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
"(1) The expiration of the delay for applying for a new trial, as provided by *435 Article 1974, if no application has been filed timely * * *"
In the present case, no application for a new trial was made by either party. Since the case was taken under advisement, and the judgment subsequently rendered, the law indicates that the delay of three days for applying for a new trial begins to run the day after the Clerk of Court mails notification of the rendition of judgment. Carrying this further, the delay allowed for the suspensive appeal would be fifteen days after the three-day period allowed for the applying for a new trial. The judgment was rendered as stated above, on March 2, 1971, and the appeal taken approximately 36 days later on April 8, 1971.
The problem arises herein due to the fact that no certificate, specifying the date upon which the notice of judgment was mailed, can be found in the record. Without such an entry, it is impossible to determine whether or not the Clerk of Court complied with Article 1913 of the Code of Civil Procedure. It must be presumed that no notice was mailed as required, and therefore, the time allotted for making application for new trial, as well as for taking suspensive appeal, has not yet begun to run. Defendants' suspensive appeal must therefore be considered as having been timely perfected. Soileau v. TriState Mutual Insurance Company, 206 So. 2d 716 (La.App. 3rd Cir., 1968); Georgia-Pacific Corp. v. Jim Walter Corp., 178 So. 2d 794 (La.App. 3rd Cir. 1965); Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (1970); Robertson v. Norwood, 234 So.2d 509 (La.App. 4th Cir., 1970); Boudreaux v. Allstate Finance Corporation, 217 So.2d 439 (La.App. 1st Cir., 1968).
For the foregoing reasons, the motion by the plaintiff-appellee to dismiss defendants-appellants' suspensive appeal is denied.
Motion denied.
Before FRUGE, CULPEPPER, and DOMENGEAUX, JJ.

ON A MOTION TO DISMISS
PER CURIAM.
The defendants-appellants, Gearl Max English and Alta English, have filed this motion. The Uniform Rules-Courts of Appeal, Rule VII, Section 3, Paragraph 2 states:
"In the absence of a timely answer to the appeal or other formal action to amend or modify the judgment appealed, the appellant alone may, by his formal motion to dismiss, on leave of the court, forthwith abandon his appeal and obtain its dismissal."
The appellee has filed an answer to the appeal of appellant. The motion must, therefore, be denied.
Denied.