ON MOTION TO DISMISS
SAVOY, Judge.
This matter is before the Court on a motion by appellee to dismiss the appeal.
Appellee herein obtained an interlocutory judgment. This judgment is dated August 3, 1971, and has been appealed by appellant.
On October 7, 1971, a final judgment was signed by the district judge. This judgment was in favor of appellee. On January 13, 1972, the district judge granted appellant a devolutive appeal from this judgment.
In his motion to dismiss the second appeal counsel for appellee contends that the appeal should be dismissed for the following reasons, to-wit:
“A. The original defendant, Sam J. Fertitta, did not make a timely application for a new trial as provided by Article 1974 of the Louisiana Code of Civil Procedure.
“B. Due to the intervening weekend of October 9 and 10, 1972, and the Columbus Day holiday of the following week, the delay allowed by the said Article 1974, Louisiana Code of Civil Procedure for application for a new trial expired on October 13, 1971.
“C. The delay of 90 calendar days for the application for devolutive appeal therefore expired with reference to the final judgment of October 7, 1971, on January 11, 1972.”
LSA-C.C.P. Article 1974 provides:
“The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
*681 LSA-C.C.P. Article 1913 provides, in part:
“Notice of the signing of all other final judgments shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.”
We are unable to find from the record where the Clerk of Court has mailed a copy of the October 7, 1971 judgment to appellant. Nor have we been able to find in the record where a copy of the judgment was served on appellant by the Sheriff.
In the absence of any evidence in the record showing a compliance with LSA-C. C.P. Articles 1913 or 1974, we have no alternative but to overrule the motion to dismiss the appeal.
For the reasons assigned the motion to dismiss the appeal is overruled.
Motion to dismiss denied.