FRUGÉ, Judge.
This case was tried by a jury and the trial judge signed the judgment on the 22nd of March, 1971. On May 10, 1971, the plaintiff obtained an order for an appeal. However, he did not file the devolutive appeal bond until the 28th of July, 1971. No motion for a dismissal has been made by any of the parties in this suit. However, this Court, ex proprio motu, has the authority to dismiss the suit wherein it appears that the bond had not been timely filed in the record. Uniform Rules of the Courts of Appeal, Rule VII, § 5(c).
LSA-C.C.P. Article 2087 and its jurisprudence is quite clear. In this instance this court does not have jurisdiction unless this is a case which comes under Article 1913 wherein the applicable period of Article 2087 does not begin until notice is given. Clearly, there was no request of record for notice as provided for under that article.
The litigants have been given the opportunity to argue the merits of the issue of lack of jurisdiction of this Court. Plaintiff-appellant has advanced the argument that since his motion for an interlocutory order fixing jury costs, made during the initial stages of the proceeding, was taken under advisement, notice was required under LSA-C.C.P. Article 1913. This argument has no merit. Article 1913 expressly states that it applies “when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the Clerk of Court”. The article applies only to final judgments. It does not apply to interlocutory orders or judgments such as those fixing jury costs. Interlocutory orders or judgments are provided for in LSA-C.C.P. Article 1914.
For the foregoing reasons, the appeal is dismissed; the appellant to pay all costs.
Dismissed.