265 So.2d 648 (1972)
Carroll E. BROUSSARD et al., Plaintiffs-Appellees,
v.
Paul ANNALORO, Defendant-Appellant, and
John Romero and Allstate Insurance Company, Defendants-Appellees.
No. 3985.
Court of Appeal of Louisiana, Third Circuit.
August 18, 1972.
*649 Armentor & Wattigny, by Gerard B. Wattigny, New Iberia, for defendant-appellant.
Daniel L. Regard, New Iberia, for plaintiffs-appellees.
Raymond M. Allen, Lafayette, for defendant-appellee.
Before FRUGÉ, HOOD, and CULPEPPER, JJ.

ON MOTION TO DISMISS DEVOLUTIVE APPEAL
FRUGÉ, Judge.
Plaintiffs, Carroll and Gladys Broussard, filed suit against defendants, Paul Annaloro, John Romero, and Romero's insurer, Allstate Insurance Company. Allstate and Romero were also made third-party defendants by Annaloro. Romero and Allstate requested notice of judgment on October 13, 1969, and Annaloro did so on April 30, 1970. Plaintiffs never filed a request for notice of judgment. The case was tried by a jury, and on March 22, 1971, judgment was read and signed in open court pursuant to the jury's verdictfor plaintiffs and against defendant, Annaloro. The principal and third-party demands against defendants Allstate Insurance Company and Romero were dismissed. None of the parties moved for a new trial. On May 4, 1971, plaintiffs secured an order granting them a devolutive appeal, notice of which was issued on May 10, 1971. However, the plaintiffs did not file their appeal bond until July 28, 1971, more than four months after the judgment had been signed. For this reason, this court after hearing the argument on the question of the jurisdiction, dismissed plaintiffs' appeal on April 19, 1972, as not having been timely perfected. Broussard v. Annaloro, 261 So.2d 91 (La. App. 3rd Cir., 1972).
On April 24, 1972, Annaloro requested that the clerk of the trial court send notice of the March 22, 1971, judgment to all parties. On April 26, 1972, such notices were sent as is shown by the trial clerk's certificate in the record. Within 90 days of April 26, 1972, Annaloro petitioned for and was granted a devolutive appeal in forma pauperis returnable to this court on July 7, 1972. Plaintiffs have filed an answer to this appeal urging that the jury erred in holding that the negligence of Romero was not the proximate cause of the accident.
Allstate and Romero, defendants-appellees, have moved to dismiss both the appeal of Annaloro and the answer filed by the plaintiffs. They urge that the May 10, 1971, notice of plaintiff Broussard's appeal served as notice of the signing of the trial court's judgment. Article 2087 provides that a devolutive appeal "may be taken, and *650 the security therefor furnished, only within ninety days of: (1) the delay for applying for a new trial if no application has been filed timely".
LSA-C.C.P. Article 1974 provides that:
"When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
Article 1913 requires notice of the signing of judgment in three instances:
(1) Upon "the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer", notice must be served on the defendant by the sheriff,
(2) When a case has been taken under advisement, the clerk of the trial court must mail service to each party or his counsel (except as otherwise provided by Article 3307), and
(3) "If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or his counsel of record."
It further provides that the clerk must put a certificate in the record showing the date on which, and to whom, notice was mailed, and that other than these three instances, notice of the signing of a final judgment is not required.
It is not disputed that this case falls within the third instance of Article 1913. Therefore, the delay for applying for a new trial and the subsequent delay for taking a devolutive appeal did not commence to run until after notice of judgment had been mailed. J. I. Case Company v. Aplin, 236 So.2d 645 (La.App. 3rd Cir., 1970); Compton v. Crown Zellerbach Corporation, 246 So.2d 397 (La.App. 1st Cir., 1971), writ denied 258 La. 763, 247 So.2d 862 (1971); Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3rd Cir., 1969). Article 1913 is designed to afford certainty to litigants as to the time within which motions for new trial or appeal must be made. Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (La. App. 3rd Cir., 1967). This certainty would be destroyed by the ruling which the defendants-appellees request.
Until the clerk of the trial court has mailed notice of final judgment, the delays for applying for a new trial or for perfecting an appeal do not commence to run. Until the clerk's certificate of mailing is in the record, notice is presumed not to have been mailed. Constructive knowledge or actual knowledge will not cure the absence of a certificate. Rasberry v. English, 255 So.2d 433 (La.App. 3rd Cir., 1971); Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (1970); and Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3rd Cir., 1969). Therefore, the delays for applying for a new trial and for perfecting a devolutive appeal did not commence to run until April 27, 1972, the day after notice was mailed. Appellants timely perfected their appeal on May 11, 1972.
Defendants-appellees, Allstate and Romero, also urge that the plaintiffs-appellees may not by answer have the judgment dismissing the principal demand between them reversed.
LSA-C.C.P. Article 2133 states:
"An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not *651 later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action."
The comments to Article 2133 read as follows:
Comments1968
"Amended on the recommendation of the Louisiana State Law Institute to make it clear that an answer to an appeal can be used by an appellee only as to a judgment rendered against him and in favor of the appellant and cannot be used by an appellee to revise, modify or reversed a judgment rendered against the appellee and in favor of another appellee. The appellee's remedy in the latter situation is to take an appeal."
Comments1970
"Amended on the recommendation of the Louisiana State Law Institute to provide for appellate review of a judgment insofar as it did not allow or consider relief prayed for by an incidental demand."
A plaintiff-appellee may not by answer have the judgment modified, revised, or reversed, as to a defendant-appellee, since an answer to an appeal is a pleading by which an appellee may have the judgment modified, reversed, or revised only as against an appellant, or insofar as the judgment did not allow relief prayed for by an incidental action filed in the trial court. Smith v. Girley, 242 So.2d 32 (La.App. 1st Cir., 1970).
For the foregoing reasons, the motion to dismiss defendant-appellant Annaloro's appeal is denied, and the motion to dismiss plaintiffs-appellees Broussard's answer to the appeal is sustained.