FRUGÉ, Judge.
MOTION TO DISMISS
The defendants — appellees Farm Bureau Insurance Companies, Arthur Daigle and Arthur W. Daigle move to dismiss the suspensive appeal of the plaintiff — appellant, Willie Chevis, on the grounds that the appellant’s appeal was not timely perfected. The appellees also move that in the event appellant’s appeal is not dismissed, it be declared devolutive rather than suspensive.
We deny appellees’ Motion to Dismiss, but order that the appellant’s appeal be considered devolutive rather than suspen-sive.
The record reveals that this was a tort suit arising out of an automobile accident. The trial on the merits was had on January 23, 1973, and the trial court took the case under advisement. A formal judgment was rendered on May 24, 1973 in favor of the appellees and against the appellant. On June S, 1973, seven (7) clear days exclusive of legal holidays after judgment was rendered, the appellant moved for a new trial, and an order to show cause was issued the same day. On July 9, 1973 the trial court heard arguments on appellant’s motion for a new trial, and the motion was taken under advisement. Judgment denying appellant’s motion for a new trial was rendered on October 17, 1973, and on November 6, 1973 appellant moved for and was granted a suspensive appeal in forma pauperis to this court.
Movers argue that under LSA-C.C.P. Article 1974 the delay for applying for a new trial is three (3) days, exclusive of legal holidays, from the date of judgment and therefore appellant’s motion for a new trial was not timely taken, and hence his time for perfecting his appeal began to run on May 29, 1973 under LSA-C.C.P. Article 2123(1) and not on October 19, 1973, under Article 2123(2), when his motion for a new trial was denied.
The articles of the Code of Civil Procedure dealing with timeliness of appellant’s appeal are found under Nos. 2123, 1974, and particularly 1913, and we quote:
“Article 2123. Delay for taking suspen-sive appeal
Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
*664 (2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
“Article 1974. Delay for applying for new trial
The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
“Article 1913. Notice of judgment
Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.”
Appellant’s motion for a new trial, and hence his appeal, would have been too late and the motion to dismiss would be granted, if notice of the judgment had been mailed to the appellant on the day judgment was rendered. The record, however, fails to show that notice of the judgment was ever mailed to counsel for either parties as required by LSA-C.C.P. Article 1913. The record does not contain a certificate of the clerk to the effect that notice of the judgment was mailed to either party, or to any counsel of record.
As pointed out by this court m Brous-sard v. Annaloro, 265 So.2d 648 (La.App. 3rd Cir., 1972)
“Until the clerk of the trial court has mailed notice of final judgment, the delays for applying for a new trial or for perfecting an appeal do not commence to run. Until the clerk’s certificate of mailing is in the record, notice is presumed not to have been mailed. Constructive knowledge or actual knowledge will not cure the absence of a certificate.”
See also Bynog v. Fertitta, La.App., 258 So.2d 679; J. I. Case Company v. Aplin, La.App., 236 So.2d 645 and Kinchen v. Kinchen, La.App., 211 So.2d 91.
Since no notice of judgment was mailed to the appellant or his counsel as required by LSA-C.C.P. Article 1913, appellant’s motion for a new trial was timely moved for, and hence his motion for an *665 appeal, perfected within fifteen (15) days from the date of judgment denying his motion for a new trial, was timely moved for under LSA-C.C.P. Article 2123.
We do, however, agree with the movers’ contention that LSA-C.C.P. Article 5185 does not provide for suspensive appeals in forma pauperis, and do hereby order that appellant’s appeal be considered devolutive rather than suspensive.
Motion to dismiss denied. Appeal ordered devolutive.