BOLIN, Judge.
Appellants, alleging they were owners by inheritance of an undivided interest in property which was scheduled to be sold the next day at public auction to effect a partition by licitation, sought to stop the sale by obtaining a temporary restraining order, a preliminary injunction, and in due course a permanent injunction. The grounds for enjoining the sale were alleged defects in the partition proceedings. From judgment dissolving the previously issued restraining order, casting plaintiffs in rule for costs and attorney’s fees, and ordering the sheriff to proceed with the sale, plaintiffs in rule appeal. Defendant in rule filed a motion to dismiss the appeal which we sustain insofar as it relates to the preliminary injunction; that portion of the judgment casting plaintiffs in rule for costs and attorney’s fees is reversed.
A temporary restraining order, conditioned upon the furnishing of bond, was issued and filed on March 16, 1976. On the same day the bond was executed, notarized by appellants’ attorney, and filed. Respondent was ordered to show cause on March 26 why a preliminary injunction should not be issued. On the return date of the rule respondent filed a motion to dissolve the temporary restraining order and sought judgment against appellants for costs and attorney’s fees for the wrongful issuance of the restraining order. On the return date of this rule the following judgment was rendered:
“The rule to show cause herein filed by Lonnie Gipson, Malaria Gipson and E. B. Gipson, Jr., came regularly on for trial on March 26, 1976, the day for which it was fixed. The defendant in rule, Gordon L. Carson, was present in open court represented by counsel, Henry W. Bethard, III. Neither Movers nor their attorneys were present in court. The motion to dissolve the temporary restraining order filed by Gordon L. Carson was taken up and tried and submitted and the court being of the opinion that the law and the evidence was in favor thereof,
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Gordon L. Carson and against Lonnie Gipson, Malaria Gipson and E. B. Gipson, Jr., in the sum of $300.00 as attorneys fees and the sum of *1221 $95.00 as additional costs of advertising caused by the temporary enjoining of the sale herein, which attorneys fees and additional costs may be collected out of the bond for the temporary restraining order as filed by plaintiffs in rule.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Sheriff of Bienville Parish, Louisiana, proceed to readvertise immediately for the sale of the property which had been originally advertised in this matter for sale on March 17, 1976.
“JUDGMENT RENDERED March 26, 1976.
“JUDGMENT READ AND SIGNED at Jonesboro, Louisiana, on April 8th, 1976.”
An order for a suspensive appeal was signed on May 4, and the appeal bond was filed the same day.
Louisiana Code of Civil Procedure Article 3612 provides there is no appeal from an order relating to a temporary restraining order, and:
* * % Sfc s{s sis
“An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. . . . ”
The judgment on the rule as it related to the temporary restraining order is therefore not before us.
As the judgment was rendered on the return day of the rule for a preliminary injunction, and since the judgment ordered the sheriff to proceed with the partition sale, we conclude it did relate to a preliminary injunction. However, plaintiffs in rule did not file their bond to perfect their appeal until May 4, which was more than fifteen days from the date of the judgment on April 8.
In opposition to the motion to dismiss appellants contend they were not notified of the return date of the rule. The law does not require the applicant to be notified. To the contrary, Louisiana Code of Civil Procedure Article 3602 requires notice to the adverse party. Additionally, as the temporary restraining order (reflecting the return date) was conditioned upon the furnishing of a bond; and as one of the appellants and their attorney signed this bond they knew, or should have known, of the return date. Moreover, the temporary restraining order was issued on March 16 and the applicants were bound to know that unless its duration was extended for good cause it was to be heard not later than March 26 or be dissolved. (La.C.C.P. Articles 3602, 3604 and 3606)
We find the decree for a money judgment for the wrongful issuance of the restraining order is a final judgment even though it was coupled with an interlocutory order. La.C.C.P. Article 3612 makes no reference to final judgments for damages and attorney’s fees. Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (1970). The suspensive appeal being perfected within thirty days, this portion of the judgment is properly before us.
As plaintiffs in rule received no notice of the motion of defendant in rule to dissolve the restraining order, the award for costs and attorney’s fees was improper. La.C.C.P. Articles 3607 and 3608.
The appeal as it relates to a preliminary injunction is dismissed. The portion of the judgment casting plaintiffs in rule for attorney’s fees and costs is reversed and their demands are rejected without prejudice. The cost of this appeal is assessed equally against appellee and appellants.