344 So.2d 431 (1977)
CHARLES CARTER & COMPANY, INC., Plaintiff-Appellee,
v.
The CITY OF BATON ROUGE and the Parish of East Baton Rouge, Defendant-Appellant.
No. 11186.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
*432 Walton J. Barnes, II, George L. Clauer, III, Baton Rouge, of counsel for plaintiffappellee, Charles Carter and Co., Inc.
Joseph Keogh, Parish Atty., Edward Fetzer, Asst. Atty., Baton Rouge, of counsel for defendant-appellant, City of Baton Rouge.
Charles S. McCowan, John Dale Powers, Baton Rouge, of counsel for third-party defendant-appellee, Engineer Testing Laboratory, Inc. d/b/a ETCO Engineers and Associates.
Lee C. Kantrow, Baton Rouge, of counsel for third-party defendant-appellee, short, Lormand and Faxon.
William N. Faller, Baton Rouge, of counsel for defendant-appellee, Pittsburg Plate Glass Co.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
This is a suit for the balance due under a construction contract.
The City of Baton Rouge and the Parish of East Baton Rouge (City-Parish) entered into a contract with Charles Carter & Company, Inc. (Carter) for the construction of the East Baton Rouge Parish Health Unit. The building was constructed according to plans and specifications prepared by Sam B. Short, Jr., J. Elliott Lormand, and Louis H. Faxon, associate architects. Formal acceptance of the building was filed on April 13, 1973. As per the contract, the City-Parish was to pay Carter all monies due within forty-five days of acceptance.
Following acceptance certain difficulties arose with respect to the glass work and doors on the first floor. This work was performed by Pittsburg Plate Glass Company (PPG), a subcontractor of Carter.
Carter also sued PPG, alternatively, in the event the glass work was found to be defective. City-Parish brought third party demands against the architects and Engineer Testing Laboratory, Inc. d/b/a Etco Engineers (Etco). Prior to construction Etco had conducted a soil analysis of the building site.
The trial judge, assigning detailed written reasons, rendered judgment in favor of Carter against City-Parish for the balance due of $4868.00 and rejected the claims against PPG, the architects, and Etco. It is from this judgment that City-Parish has appealed. We affirm.
Carter did not appeal nor answer the appeal of City-Parish. Therefore its alternative demand against PPG is not before us. Smith v. Girley, 242 So.2d 32 (La.App. 1st Cir. 1970); Broussard v. Annaloro, 265 So.2d 648 (La.App. 3rd Cir. 1972); and, Cagle v. Spade Drilling Company, Inc., 325 So.2d 354 (La.App. 3rd Cir. 1975).
As stated above, this controversy pertains to the fabrication and installation of the *433 glass walls and doors. This work was performed by PPG between December 28, 1972 and February 27, 1973. Some five months later it was noted that the vertical mullions around the entrance on the east side of the building were bowed and twisted, the storefront glass was loose, and the doors did not work properly. Representatives of City-Parish, Carter, PPG and the architects viewed the problem. Carter and PPG insisted that each had performed its work according to the plans and specifications and neither would accept primary responsibility. However, as a gesture of good faith, PPG removed the misaligned mullions and door jambs and refabricated and reinstalled the defective work. The original plans and specifications called for one-fourth inch tolerances between the aluminum mullions and the structure at the ground and ceiling levels. When the first corrective work was performed it was necessary in some instances to trim as much as five-sixteenths of an inch off some of the mullions to effect a proper fitting. PPG informed City-Parish that the problem would reoccur. It did and PPG refused to accept any further responsibility.
The City-Parish then called for bids from other glass contractors and Braud Glass was the successful bidder. When Braud commenced its corrective work, it noticed that the additional tolerances allowed by PPG were no longer present. Braud's corrective procedure was similar to that used earlier by PPG. When this matter was heard on the merits over a year later, some of the tolerances left by Braud had also disappeared.
The center of this controversy naturally surrounds the cause for the continued loss of tolerances around the columns and the resulting bowing thereof. Carter and PPG contend that it is the result of an unfavorable soil condition beneath the building; that they performed their respective work in accordance with the plans and specifications of the architects and are not responsible. The architects contend that the problem is the result of faulty workmanship in that proper tolerances were not allowed. In this respect it should be noted that the architects were not retained to give detailed supervisory services during construction. Apparently this responsibility was reserved by City-Parish and performed by one of its employees.
Dr. Louis J. Capozzoli, an expert engaged by City-Parish to ascertain the cause for the problem, opined that the swelling of the top eight feet of soil beneath the building is the major cause. His theory is that the soil when dry tends to absorb available moisture and upon doing so expands, lifting the slab resting on top of it. When this takes place the elevation between the first and second floors is reduced and pressure is caused to be placed on the upright mullions. He noted several sources of moisture, namely: the normal build-up from the prevention of evaporation after placement of a concrete slab on the soil, planting areas on the east and west sides of the building, and a storm sewer.
The trial judge found and we agree that the problem was not caused by any improper workmanship on the part of Carter or its subcontractor, PPG.
With respect to Etco, the court found that the building had settled within the limit predicted by them in their report, which report was also used by the architects in their design of the building.
With respect to the architects' liability, the trial judge stated:
"Insofar as the architects are concerned, the Parish has alleged that they made certain errors in structural design or interpretation of soil data furnished to them for this project which resulted in certain defects. It is well established in Louisiana jurisprudence that expert testimony is needed to establish the lack of care and resulting negligence on the part of architects and engineers.

"Pittman Construction Company v. City of New Orleans, 178 So.2d 312 (4th Cir. 1965), writs refused. In certain respects, Pittman is very similar to the case at bar, and therein the law relative to the responsibility of an architect is set forth *434 quite succinctly. Expert testimony was presented in Pittman as to the required standard of care for an architect. The test is whether the architect performed his services in accordance with the skills usually exercised by others of his profession in the same general area. The burden of proving the architect did not is upon the party making this charge. In Pittman, the Fourth Circuit found that the City of New Orleans, as third-party plaintiff, had not discharged its burden because the expert testimony vindicated the professional skill and judgment exercised by the architect. In this case, no expert architectural testimony was presented to either establish the required standard of care for this general area, or a failure to perform in accordance with said standard of care. (Emphasis ours)
"Accordingly, the court is unable to determine whether the architects herein have breached any duty owed by them to the Parish, and the third-party demand of the Parish insofar as the architects are concerned, is also dismissed.
We find no error in the above conclusion.
Lastly, the architects have answered the City-Parish appeal and seek reasonable attorneys' fees contending that City-Parish's appeal against them is frivolous. Our review of this record does not justify the branding of this appeal as frivolous. Appellees' demands in this respect are rejected.
Accordingly, for the above reasons, the judgment of the district court is affirmed and all such costs as are permitted by law are assessed against appellant, City-Parish.
AFFIRMED.