401 So.2d 621 (1981)
Sam DUCOTE, Plaintiff-Appellant,
v.
Honorable Samuel G. COUVILLON, Clerk of Court, et al., Defendants-Appellees.
No. 8282.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
Rehearing Denied August 13, 1981.
*622 Donald R. Wilson, Jena, for plaintiff-appellant.
Michael S. Johnson, Cottonport, for defendant-appellee.
Before CUTRER, STOKER and BIENVENU,[*] JJ.
CUTRER, Judge.
This appeal is taken from a judgment dissolving a temporary restraining order and awarding $1,500.00 in attorney's fees for its wrongful issuance.
Article 3612 of the Code of Civil Procedure provides:
"There shall be no appeal from an order relating to a temporary restraining order. * * *"
Therefore, an order dissolving a temporary restraining order is not appealable. Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (1970).
The jurisprudence reflects, however, that a decree granting a money judgment for the wrongful issuance of the restraining order is a final judgment and is appealable. Carson v. Thomas, 342 So.2d 1219 (La.App. 2nd Cir. 1977); Kinchen v. Kinchen, supra. The making of such an award, as well as the amount thereof, lies within the discretion of the trial judge. Kinchen v. Kinchen, 249 So.2d 926 (La.App. 1st Cir. 1971), on rehearing.
Thus, this appeal presents only one issue: Whether the trial court abused its discretion in making the award of $1,500.00 in attorney's fees.
The circumstances leading up to this appeal are as follows:
The plaintiff was adjudicated a bankrupt on May 22, 1978. Subsequently, his attorney filed suit to cancel the discharged judgments which had been recorded against plaintiff by his creditors. Through inadvertence, the petition failed to list a number of plaintiff's creditors whose judgments had been discharged. These judgments remained on the public records despite such discharge. Plaintiff became the judgment debtor of the defendants, G. P. Smith and Sheila Lemoine Smith.
The Smiths provoked a sheriff's sale to satisfy their judgment. The validity of the Smith's judgment against Ducote is not questioned. His debt to the Smiths was not one of those discharged in the bankruptcy proceedings.
Shortly before the sale was to take place plaintiff discovered that the discharged judgments, totaling over $170,000.00, had not been cancelled from the public records of Avoyelles Parish. These judgments were recorded prior to the Smith judgment. Plaintiff had been attempting to arrange financing so that he could bid on his property at the sale. LSA-C.C.P. art. 2337[1] requires that property offered at a judicial sale cannot be sold if the price offered by the highest bidder is insufficient to discharge the costs of the sale and the mortgages, liens and privileges superior to that of the seizing creditor. Consequently, the presence of these judgments on the records prevented plaintiff from procuring the needed financing. Furthermore, he feared that if he did successfully bid on the property, that such bid might have been construed as an acknowledgement of his natural obligation to pay those judgments which remained on the records despite their discharge in bankruptcy.
*623 Plaintiff then filed suit against the Clerk of Court, Sheriff of Avoyelles Parish, and his prior creditors who still had judgments recorded against him for discharged debts, asking that those judgments be cancelled and seeking a temporary restraining order and preliminary injunction to stop the scheduled judicial sale until those judgments were cancelled.
The temporary restraining order was issued on November 26, 1980.[2] The hearing on the preliminary injunction was set for December 9, 1980. On December 3, 1980, the Smiths filed a petition to intervene filing a motion for the dissolution of the temporary restraining order. In that petition they sought damages and attorney's fees for the wrongful issuance of the restraining order. The plaintiff met this intervention with exceptions of no cause of action and vagueness, which were overruled. A hearing of the motion for the dissolution of the restraining order was set for December 9, 1980.
The record reveals no extension of the temporary restraining order. Thus, by law and according to its own terms, the order expired on December 5, 1980.
Despite the fact that the temporary restraining order had expired, the minutes for December 9th reveal that the motion for dissolution of temporary restraining order and for damages for wrongful issuance of same was heard. Judgment was rendered dissolving the temporary restraining order and awarding the defendants-intervenors $1,500.00 in attorney's fees for the wrongful issuance of that order.
The plaintiff appealed from the judgment and argues on appeal that the temporary restraining order was properly granted and should not have been dissolved. As we stated at the outset of this opinion, the merits of the trial court's decision to dissolve the temporary restraining order cannot be considered on appeal. The only question presented is whether an award of attorney's fees can properly be made where the temporary restraining order had expired at the time of the hearing on its dissolution. When a temporary restraining order has expired by law, before a hearing is had to determine if it should be dissolved, the issue is moot. Cook v. Ed Francis Chevrolet, Inc., 365 So.2d 1178 (La.App. 3rd Cir. 1978). Attorney's fees have generally been denied in such cases. Copellar v. Yount, 361 So.2d 971 (La.App. 3rd Cir. 1978), writ ref'd, 363 So.2d 534 (La.1978); Lighthouse Life Ins. Co., Inc. v. Rich, 343 So.2d 444 (La.App. 3rd Cir. 1977).
Due to the particular circumstances of this case, however, we feel that an award of attorney's fees including the services rendered at the hearing is appropriate. We come to this conclusion because in the colloquy between the court and plaintiff's counsel, at the beginning of the hearing, the trial judge stated that an extension of the temporary restraining order had been granted. From that point forward the hearing proceeded as if the restraining order was still in effect. The minutes, judgment and actual transcript all reflect that the question of whether to dissolve the restraining order and whether any damages were suffered by the intervenors as a result of the issuance of the order, were the sole subjects of the hearing. Thus, since intervenor's counsel was led to believe that an extension had been granted, he had no apparent choice but to present his case for dissolution. Under these circumstances, and in the interest of fairness, we conclude that attorney's fees should be awarded.
Having found that an award of attorney's fees should be awarded, we turn to the question of whether the award of $1,500.00 is so excessive as to constitute abuse of the trial court's discretion. An examination of the record reflects that the award of attorney's fees by the trial judge was not an abuse of discretion.
For the reasons assigned, the judgment of the trial court is affirmed. The costs of *624 this appeal are assessed to plaintiff, Sam Ducote.
AFFIRMED.
BIENVENU, J. ad hoc, dissents and assigns written reasons.
BIENVENU, Judge ad hoc, dissenting
I have no quarrel with the majority's conclusion that an exception should be made in the instant case to the rule that damages are not awarded for dissolution of a temporary restraining order which has expired by its own terms when, as here, a hearing was compelled to determine whether the already expired order should be dissolved. Nevertheless, when the trial judge dissolves the order under such circumstance and awards attorney's fees on the basis of its wrongful issuance, we must on appeal determine whether he was correct in so ruling even though no question exists about the dissolution.
While LSA-C.C.P. art 3612 makes it clear that there shall be no appeal from an order relating to a temporary restraining order, we must look to whether a temporary restraining order was wrongfully issued in considering an appeal of a judgment awarding attorney's fees for services rendered in the dissolution of such an order.
LSA-C.C.P. art. 3608 clearly provides:
"The court may allow damages for the wrongful issuance of a temporary restraining order ... on motion to dissolve...."
There are three issues, then, that we must consider:
1. Was the order dissolved?
2. If so, was it wrongfully issued?
3. If so, was the trial judge within his "much discretion" in his damage award?
Unless the first two questions are answered in the affirmative, no damages (including attorney's fees) may be awarded. Plaintiff is not attempting to appeal the dissolution of the order; he simply argues that attorney's fees are not due since the order was not wrongfully issued.
Our review extends to a resolution of each of the three issues in the order in which they are listed; and we must not proceed to the second unless the first is affirmatively answered, and the same rule applies as between the second and the third. There is no problem with the first; the order has been dissolved. I answer the second question in the negative, however, so I do not proceed to the third. I am satisfied, for reasons the enumeration of which here would serve little purpose, that the temporary restraining order was not wrongfully issued. I therefore feel that there is no entitlement to attorney's fees in any amount.
I respectfully dissent.
NOTES
[*] Judge C. Thomas Bienvenu, Jr., Sixteenth Judicial District Court, Parish of St. Martin, participated as Judge Ad Hoc in this decision.
[1] LSA-C.C.P. article 2337 states:

"If the price offered by the highest bidder at the first or subsequent offering is not sufficient to discharge the costs of the sale and the mortgages, liens, and privileges superior to that of the seizing creditor, the property shall not be sold."
[2] The record reveals that the plaintiff did not post bond until December 5, 1980, the day the restraining order was to expire. Thus, the restraining order was issued without security. This is not, however, made an issue on appeal.