COLE, Judge.
This matter is before the Court on plaintiff’s motion to dismiss defendant’s un-lodged devolutive appeal. At issue is whether or not the appeal was filed timely.
The following facts appear from the attachments to the motion. Trial on the merits was held on February 19, 1982. The defendant was absent and unrepresented at the trial. On March 1, 1982, a judgment in favor of plaintiff was read, rendered, and signed and reasons for judgment were issued. On March 16, 1982, the defendant filed an application for a new trial. Plaintiff was ordered to show cause why a new trial should not be granted, with the hearing scheduled for April 19, 1982. No evidence was submitted herein to show when the motion for a new trial was denied. On December 9, 1982, an order of devolutive appeal was entered.
Plaintiff contends the motion for a new trial was not timely filed[1] and therefore did not interrupt the delay for taking a devolutive appeal.[2] The delays for applying for a new trial under La.Code Civ.P. art. 1974 do not commence to run until the day after the clerk of court has mailed the notice of judgment when it is required by La.Code Civ.P. art. 1913.[3] In the instant *979 case, article 1913 requires such notice of judgment since the case was taken under advisement after trial on the merits. Plaintiff admits the case was taken under advisement, but contends notice of the judgment was mailed on March 2, 1982, as evidenced by the notice and certificate of judgment signed by the Chief Deputy Clerk of Court on March 2,1982. Therefore, contends plaintiff, the appeal delays lapsed on May 10, 1982 (i.e., seven days exclusive of holidays plus sixty days, commencing March 3, 1982).
However, plaintiff has failed to attach to its motion to dismiss a copy of the certificate which specified the date of mailing of the notice of judgment. Without such evidence, it must be presumed that no notice was mailed as required, and that the new trial delays had not yet begun to run when defendant’s application for a new trial was filed on March 16, 1982.[4] See Rasberry v. English, 255 So.2d 433 (La.App. 3d Cir.1977). Since we must presume the application for a new trial was timely, the delay for taking a devolutive appeal under La.Code Civ.P. art. 2087 depended upon when the application for a new trial was refused, or when notice of such refusal was mailed if required by La.Code Civ.P. art. 1914. Thus, as plaintiff’s motion to dismiss contained no evidence as to when the trial court refused defendant’s application for a new trial, we cannot say defendant’s appeal was not timely.
For the above reasons, plaintiff’s motion to dismiss defendant’s devolutive appeal is denied.
MOTION DENIED.

. La.Code Civ.P. art. 1974 reads as follows:
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”

. La.Code Civ.P. art. 2087 reads as follows:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an ap-pealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
“When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.”

.La.Code Civ.P. art. 1913 reads as follows:
“Notice of the signing of a default judgment against a defendant on whom citation was not *979 served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
“Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
“If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
“The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
“Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.”

. In his brief in opposition to the motion to dismiss, defendant contends the record shows that notice of judgment was mailed by the Clerk of Court on March 2, 1982, but that the notice was sent to Jerry McKeman, defendant’s former attorney who had withdrawn from the case prior to the trial. A copy of the court’s minutes attached to the brief does show Mr. McKeman had withdrawn prior to the trial, but no evidence was produced to show to whom the notice of judgment was mailed, other than an uncertified “speed letter” to Mr. McKeman from the Clerk of Court dated April 19, 1982. Defendant contends he was never mailed a copy of the judgment, though he claims he was served with a copy of the judgment on March 8, 1982. Though these facts cannot be established without benefit of the record, La.Code Civ.P. art. 1913 clearly requires that the notice be mailed “to each party not represented by counsel.” Notice mailed to a party’s former attorney, who had withdrawn as counsel of record prior to trial, does not satisfy the notice requirements of article 1913. See Wood v. Beard, 268 So.2d 152 (La.App. 3d Cir.1972).