DORIOCOURT, Executor *v.* JACOBS et al., Executors.

The action of the creditors against the legatees of a succession, to compel them to contribute out of the property received by them to the payment of the debts, is prescribed by three years, to be calculated from the opening of the succession. But where a legatee was also one of the executors of the deceased, the prescription must be considered as suspended while he acted as executor.

No action can be maintained by the creditors against the legatees of a succession to compel them to contribute out of the property received by them to the payment of the debts, unless it be shown that the effects of the succession, undisposed of by the deceased, are insufficient to discharge them.

Executors are liable, jointly and severally, for the property subject to the executorship, unless the testator has divided their functions, and each has confined himself to those allotted to him.   C. C. 1674.

THE defendants appealed from a judgment of the Court of Probates of New Orleans, *Bermudez,* J., in favor of the plaintiff.

The judgment of the court was pronounced by

ROST, J.   In 1841, *William F. Jones* bequeathed to *J. B. Barker* real estate and slaves, and appointed him his executor jointly with one *F. G. Turner,* giving them the seizin of his succession.   After the death of *Jones* his will was probated, and letters testamentary issued in favor of both executors.   *Barker* subsequently instituted proceedings against his co-executor to have him deprived of the executorship for legal causes assigned, and to compel him to account.   He was deprived of the executorship by the decree of the court; judgment was rendered against him for the sum of $9,710 32, the amount due by him as executor, and interest at the rate of twenty per cent a year thereon.   *J. B. Barker,* his co-executor, was appointed by the court dative testamentary executor.   He refused to accept, and the present plaintiff was appointed in his place.

We do not comprehend how *J. B. Barker* could withdraw, as it is alleged he did, from the executorship, nor in what manner he evaded the provision of article 1674 of the Civil Code, that when there are several executors, they are all jointly and severally accountable for the property subject to the executorship.   The appointment as dative executor of a person who had already accepted that trust under the will, is a proceeding which the record leaves unexplained.

*J. B. Barker* having since died, leaving the defendants his executors and residuary legatees, the plaintiff, in his aforesaid capacity, claims from them three of the slaves bequeathed by *Jones* to *Barker,* in order to subject them to the payment of the debts of the succession, on the ground that the judgment against *Turner* has not been satisfied, and that the other assets of the succession are exhausted, leaving debts unpaid to the amount of about $3000.

The facts are not disputed; but the defendants contend that more than three years had elapsed from the opening of the succession of *Jones,* to the institution of this suit, and that the claim is prescribed under article 1380 of the Civil Code. The letters testamentary under the will of *Jones* were granted on the 2d of June, 1841, and this action was commenced on the 4th of January, 1845.   The article of the Code relied on is positive, and provides that actions against legatees, in cases like the present, are prescribed by three years, *to be calculated from the opening of the succession.*

If *J. B. Barker* had not been one of the executors of *Jones*, the defendants <span style="float:right">DORIOCOURT<br>*v.*<br>JACOBS.</span> would clearly be within the exception they invoke; but as long as he remained executor he could not sue himself, and the prescription was suspended. The time and manner of his withdrawal from the executorship are not shown; and the cause presents, on that account, another insuperable difficulty. Executors being bound *in solido* till they have been legally discharged, the legal presumption is that *J. B. Barker* was responsible for the amount of the judgment obtained by him against *Turner*, and, until that presumption is rebutted by proofs of a legal discharge, the insolvency of the succession of *Jones* is not established, and this action is premature. For the reasons assigned it is ordered that, the judgment be reversed, and that there be judgment in favor of the defendants, as in case of non-suit, with costs in both courts.

*T. R. Wolfe* and *J. C. Clarke*, for the plaintiff.    *Glenn*, for the appellants.