## No. 12,663.

### MRS. BETTIE ALLEN VS. LOUISIANA NATIONAL BANK.

*Mandamus* will not lie for the purpose of compelling a bank to pay out of the funds of a succession deposited with it, a check drawn by two executors, when there is a third executor protesting against the payment.

While it may be true, as a general proposition, that either one of the executors may perform any *act* of administration without the concurrence of the other two, it does not follow that two of the executors can check out of bank succession funds against the protest of third executor.

APPEAL from the Civil District Court for the Parish of Orleans, Théard, J.

*J. F. Pierson* for Plaintiff, Appellant.

*Branch K. Miller* for Defendant, Appellee.

Argued and submitted March 11, 1898.
Opinion handed down March 21, 1898.

The opinion of the court was delivered by

WATKINS, J.   This is a proceeding by *mandamus* to coerce the respondent to pay over the sum of nine thousand and twenty-four dollars and twenty-two cents out of the funds and moneys of the succession of R. H. Allen, on deposit therewith, upon a certain check or draft mentioned and described in the petition of the relatrix.

In the lower court there was a judgment dismissing the preliminary writ and the plaintiff's suit, " without prejudice to her rights in another action before a court of competent jurisdiction," and from that judgment the relatrix prosecutes this appeal.

The respondent appeared and filed an exception and answer, which are of the following tenor, viz.:

That as a matter of fact, and as averred in the petition, Ogden Smith, one of the executors of R. H. Allen, deceased, is a necessary party defendant to this suit, and in respect to said executor the respondent pleads the exception of non-joinder, and prays that the suit be dismissed.

In the alternative that the exception be overruled, it pleads the general issue, and further answering, avers that on the 26th of October, 1894, the relators, Mrs. Bettie Allen, executrix, and W. F. Collins, co-executor of the last will and testament of R. H. Allen, deceased, conjointly with Ogden Smith, another co-executor thereof, opened an account with respondent bank. That antecedent to and at the time of the opening of the aforesaid account, the two co-executors aforesaid had furnished Mrs. Bettie Allen, executrix, with a power of attorney, by the terms of which she was given full power to draw all checks against said account, but that subsequently, on the 12th of November, 1895, respondent was duly notified by the co-executor, Ogden Smith, that it must not honor or thereafter pay any check drawn against funds in its possession belonging to the succession of R. H. Allen, unless same were signed by him. That on the 14th of November, 1895, the respondent bank was notified in writing by the said Ogden Smith, co-executor, that he had revoked and recalled the aforesaid power of attorney, and that he had given notice of its revocation by publications made in the daily newspapers of New Orleans.

It further avers that on the 9th of July, 1897, it was again notified by Ogden Smith, co-executor, not to pay any checks drawn against the estate of R. H. Allen unless same were signed by him in his capacity of co-executor, as well as by the executrix and his co-executor, Collins.

It avers further that on account of said notifications it has refused and did decline and refuse to pay a check for nine thousand and twenty-four dollars and thirty-two cents, which is described in the petition of the relatrix, by reason of the absence of the signature of said Ogden Smith, executor, from said check; and that in its opinion, it had no right or power to honor a check as the one presented was signed, even if the aforesaid power of attorney had not been revoked and said notices had not been received; but as said power of attorney had been revoked and said notifications had been

received, it was not authorized to honor and could not legally pay a check against the funds of the succession of R. H. Allen in its custody and on deposit in its possession and for its account, not having the signatures of the executrix and the two co-executors.

In other words, that no part of said succession funds could be lawfully checked out of the respondent bank "except upon the check or order of all three of the said succession representatives."

It further answers and says that it is ready and willing to pay any check drawn against said succession funds that is signed by all three of the necessary parties.

That it is a mere stakeholder, .without interest in the result of this suit, or in the fund deposited in its vault, and entrusted to its care, except to see to it that proper and legal vouchers are furnished when payment or disbursements are made thereof.

The check in question. is of the following form, to-wit:

" $9,024.22　　　　　　　　NEW ORLEANS, La., July 7, 1897.

" Pay to the order of Bettie Allen, nine thousand and twenty-four dollars and twenty-two cents, and charge to the account of the estate of R. H. Allen.

" To the Louisiana National Bank, New Orleans, La.

"　(Signed)　　　　　　　W. F. COLLINS, Executor.

"　MRS. BETTIE ALLEN, Executrix."

The testimony shows that on the 8th of July, 1897, the day subsequent to the execution of the aforesaid check, and before the presentation to the respondent, same was presented to Ogden Smith, executor, for his signature, and it was refused; and that thereupon said check, as above written, was presented to the bank for payment, and it was refused.

It further appears, that upon presentation of the aforesaid check to the respondent, its vice president advised with its attorney, who said that it would not, in his opinion, be safe, in honoring the check as it was presented for payment—particularly in view of the notification that Ogden Smith, executor, had given it previously.

The statement made by one witness was that "the bank has the money on deposit to pay this check; and the only reason for refusing to pay it was his advice that it would not be a proper and sufficient discharge from liability, and would expose respondent to the liability of having to pay it a second time. The only question is whether or not the check is drawn in such a way as to make it oblig-

atory upon the bank to pay it; and its only wish is to be placed in a safe position.''

The foregoing averments of the answer, and the extracts we have made from the testimony, will serve all the necessary purposes of the scope we propose to give the present opinion. It is our opinion that under the facts and circumstances detailed, the respondent bank was not bound to pay the check as presented, because Ogden Smith, co-executor, had not affixed his name thereto.

The transaction is one totally disconnected from the succession of R. H. Allen, which is being administered in the probate court of Lafourche; and, consequently, while it may be true, as a general proposition, that either one of these joint executors may perform an *act* of administration within the jurisdiction of the court administering same, it by no means follows that one, or two of them can draw the succession funds out of bank against the positive protest of the third executor—those funds being within a jurisdiction different from that of the succession.

The bank is a stakeholder, residing in this city and subject to the jurisdiction of this court *pro hac vice*. The bank makes no question of the competency of the Civil District Court to deal with the question at issue and to determine it. Indeed, we do think it could not raise such an issue, and is clearly without interest to do so.

But the fund being within the territorial jurisdiction of said court, it is competent to pass upon the issue raised; that is to say, whether or not the respondent bank should disburse the funds on deposit for the account of the succession of R. H. Allen on a check signed by only two of the three executors.

Finding that it should not, what is the proper decree to be rendered in the premises?

We are of opinion that the judgment should be reversed, and the cause remanded for the purpose of enabling the relatrix to cite Ogden Smith, executor, into the Civil District Court for the purpose of subjecting him to the judgment of the same upon the issues thus joined.

We note the fact that after the evidence was all in the respondent bank tendered and offered to file an amended and supplemental answer in which new issues were raised necessitating the introduction of additional testimony. That same being objected to by the counsel for relatrix as coming too late, and the objection having

24

been sustained, the respondent's counsel reserved a bill of exceptions to the ruling of the court.

There can be no doubt of the corrrectness of the judge's ruling, for had he ruled differently, the order of proceedings would have been completely reversed, and the introduction of testimony upon the new issues raised would have been begun anew.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and ;reversed, and it is now ordered and decreed that the cause be remanded and reinstated, so as to enable the plaintiff to cite Ogden Smith, executor, as a party defendant, and that thereafter same be proceeded with according to law and the views herein expressed.

It is finally ordered and decreed that all costs be deducted from the funds in controversy, except those appertaining to Ogden Smith, executor, and that with respect thereto same await. the judgment and final disposition of the suit.