CRAIN, Judge.
This is a suit to nullify the judgment rendered herein on May 25, 1971, on the ground of ill practice. The plaintiffs are Mrs. Patricia Gay Mydland and Donald R. Chapman, testamentary co-executors of the Succession of Tennis L. Mydland. Defendant in the nullity suit is Guaranty Bank and Trust Company. From an adverse judgment, Mrs. Mydland, as co-executor, has appealed. Defendant has filed a motion to dismiss the appeal on the ground that both co-executors failed to join therein.
*718 ON MOTION TO DISMISS
Defendant-appellee relies on Code of Civil Procedure, Article 3192 which provides in pertinent part as follows:
“If there are several succession representatives, all action by them shall be taken jointly . .
It is urged that since the action was not taken jointly, the single executor has no right to appeal and accordingly the appeal must be dismissed. We disagree.
Code of Civil Procedure, Article 3192 replaced Civil Code Article 1681. That article provided as follows:
“If there be several executors who have accepted, any one of them may act for them all, but they shall all be responsible in solido for the property subject to the executorship . . . ”
Under the interpretation given this article by the Courts, the act of a single executor bound the other executors and made them personally liable in solido even though they might not have agreed thereto or acquiesced therein. This even created the anomaly of having one executor sue another for improper administration of the succession property, secure a judgment against the co-executor on behalf of the succession, and end up with the judgment being effective against himself because of his solidary liability. Doriocourt v. Jacobs, 1 La.Ann. 214 (1846). It is obvious that this is the problem C.C.P. Article 3192 was adopted to alleviate.
The comments to C.C.P. Article 3192 support this conclusion. Comment (a) provides :
“With respect to the duties a,nd powers of multiple executors, Art. 1681 of the Civil Code provides that one of several executors has the power to bind the others, unless the testator has divided their functions. See Doriocourt v. Jacobs, 1 La.Ann. 214 (1846); cf. Allen v. Louisiana National Bank, 50 La.Ann. 366, 23 So. 360 (1898). The concept of Art. 1681 of the Civil Code has been rejected in favor of the system generally approved in the Model Probate Code, which is made applicable to succession representatives in general."
The concept which was rejected was the power of one executor to bind the others, or the power to make the other executors liable. Nowhere does C.C.P. Article 3192 reject the concept of one executor being able to act on behalf of the estate in the event the others refuse. He simply can no longer bind co-executors for his own malfeasance.
Comment (b) lends further support to this view. It provides that,
“b) Since the above article requires unanimity, it follows that unauthorized unilateral action would subject the offending representative to the penalty provisions of Article 3191, supra."
This comment recognizes that there might be instances of singular action on the part of one co-executor, and provides not that the action is necessarily void, but that the co-executor taking the action becomes subject to the penalties of Article 3191 which makes the co-executor personally responsible for all damages for failure to act as a proper fiduciary.
Thus the net effect of C.C.P. Article 3192 is to provide that the acts of one co-executor do not necessarily bind or make liable the others because the article requires unanimity. If a singular act is taken the executor taking the act becomes liable therefor, not the co-executors who did not take the action. Consequently, the single executor in this case has the right to perfect this appeal. However, this action is not binding on the co-executor in the event some detriment to the estate occurs therefrom.
We further note that Article 3196 of the C.C.P. gives to the testamentary executor all procedural rights enjoyed by a litigant. *719 We think this article alone justifies the interpretation that Article 3192 refers to the substantive results of the actions of one of several co-executors.
The motion to dismiss the appeal is denied.