LOTTINGER, Judge
(dissenting).
I decline and respectfully refuse to participate in the disposition of this case on the merits because I am of the firm opinion that the motion filed herein by the ap-pellee, to dismiss this appeal, should be sustained.
Only Mrs. Patricia Gay Mydland, one of the testamentary co-executors moved for an appeal and only her attorneys signed the motion for the appeal.
Only Mrs. Patricia Gay Mydland, one of the testamentary co-executors, signed and filed the appeal bond herein.
Neither co-executor, Donald R. Chapman, nor his attorneys, appealed nor joined in the appeal.
*720 The defendant-appellee, Guaranty Bank and Trust Company has filed a motion in this Court to dismiss the appeal on the grounds that because both co-executors having failed to jointly appeal this case and because the appeal bond is not properly executed by both co-executors as principals, that the appeal is improper and should be dismissed for lack of a right to appeal and lack of jurisdiction.
We have been cited Art. 3192 of the Code of Civil Procedure, which governs this situation, and which provides as follows :
“If there are several succession representatives, all action by them shall be taken jointly, unless:
(1) The testator has provided otherwise, or
(2) The representatives have filed in the record a written authorization to a single representative to act for all.” Emphasis mine.
There is no question that the Legislature, by the enactment of this article, intended changing the law of this state with respect to the duties and powers of multiple executors.
Following Art. 3192 in the Code of Civil Procedure we find the following:
“Official Revision Comments”
“(a) With respect to the duties and powers of multiple executors, Art. 1681 of the Civil Code provides that one of several executors has the power to bind the others, unless the testator has divided their functions. See Doriocourt v. Jacobs, 1 La.Ann. 214 (1846); cf. Allen v. Louisiana National Bank, 50 La.Ann. 366, 23 So. 360 (1898). The concept of Art. 1681 of the Civil Code has been rejected in favor of the system generally approved in the Model Probate Code, which is made applicable to succession representatives in general.
(b) Since the above article requires unanimity, it follows that unauthorized unilateral action would subject the offending representative to the penalty provisions of Art. 3191, supra.” Emphasis mine.
It is clear from the above article and comments that unanimity of action is required by the. multiple executors unless the action complained of comes within the exceptions provided in Article 3192. The appellant herein has not shown where she acted under any such exceptions, and the appellee herein certainly has the right to raise the question on a motion to dismiss the appeal, if said appeal is not in order and the proper parties have not perfected this appeal.
Art. 3192 of the Code of Civil Procedure makes it abundantly clear that all succession representatives must act in unanimity and be of one mind, agreeing and being unanimous in approval, when it uses the words, “all action by them shall be taken jointly, . . It is evident therefore that since there is a lack of unanimity of the co-executors in the asking for this appeal it follows that there is likewise a lack of a right to appeal in this case.
The cardinal principle used in the application and construction of laws in this state is provided in C.C. Art. 13, which provides as follows:
“When a law is clear and free from all ambiguity the letter of it is not to be disregarded, under the pretext of pursuing its spirit.”
Since the legislative intent is clearly expressed in C.C.P. Art. 3192 and the comments that follow it, we are bound to follow it.
Since there was only one co-executor who asked for the appeal and only one who signed the bond for said appeal and the case does not come under any of the exceptions provided for, we must hold that *721 the proper parties have not perfected this appeal and same should be dismissed.
For these reasons, I hereby dissent from the majority herein.