ON MOTION TO DISMISS
ELLIS, Judge:
Judgment was rendered herein on May 17, 1971, without taking the case under advisement, and was signed on May 25, 1971. No notice of the signing of the judgment has ever been mailed by the Clerk of Court. On December 5, 1969, the appellant herein had requested notices as follows :
“And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are also hereby requested to send to me immediately notice of any decision on any motions or on any order or judgment made or rendered in this case upon the entry of any such decision, order, or judgment.”
Since the judgment was signed, appellant herein has filed and prosecuted to a conclusion a motion to amend the said judgment and a petition for the nullity thereof. See Guaranty Bank & Trust Co. v. Quad Drilling Corp., 268 So.2d 261 (La.App. 1 Cir. 1972); Guaranty Bank & Trust Co. v. Quad Drilling Corp,, 273 So.2d 717 (La. App. 1 Cir. 1973).
Finally, on January 23, 1973, appellant herein, Mrs. Patricia Gay Mydland, one of the co-executors of the Succession of Tennis L. Mydland, moved for this appeal! The motion to dismiss is two-fold. First, plaintiff contends that, because both co-executors of the Succession of Tennis L. Mydland did not join the appeal, that one of them is without authority to prosecute the appeal. Second, it is contended that no notice of the signing of judgment was required in this case, or that there was ample notice, and that the appeal delays have expired.
*351 We have already ruled adversely to plaintiff on the first contention in Guaranty Bank & Trust Co. v. Quad Drilling Corp., 273 So.2d 717 (La.App. 1 Cir. 1973), and we adopt the reasons therein set forth in denying the motion on the first ground.
Paragraph 3 of Article 1913 of the Code of Civil Procedure provides as follows:
“If, at the conclusion of the trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.”
Article 1974 of the Code of Civil Procedure provides as follows:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
Plaintiff contends that Article 1913, paragraph 3 requires that the request for notice of signing of judgment be made at the time the court pronounces its judgment, and does not permit the request to be made prior to that time. We do not agree with this contention. We hold that so long as such a request is made of record, even though long prior to the completion of the trial, the Clerk of Court is required to send the notice of signing of the judgment to the party requesting same, and that the delays for appeal do not begin to run until that time, as to that party.
We are further of the opinion that actual or constructive notice of the signing of the judgment is immaterial. Article 1974 of the Code of Civil Procedure states that delays for appeal do not begin to run until the notice has been mailed or served. Actual or constructive knowledge can not satisfy this requirement. Broussard v. Annaloro, 265 So.2d 648 (La.App. 3 Cir. 1972).
Since a request for notice of signing of judgment was made in this case, and no notice thereof was ever sent by the Clerk of Court, the delays for appeal had not yet begun to run when the motion for appeal was made herein. We hold the appeal to be timely taken.
The motion to dismiss is therefore denied, at plaintiff’s cost.
Motion denied.