ON MOTION TO DISMISS
LEMMON, Judge.
This is a motion to dismiss, as untimely, an appeal from a judgment which denied a motion to change custody and dismissed a rule to cumulate past due child support payments and for contempt. The decision turns on whether the delay for applying for a new trial began in relation to August 28, 1978, the day the judgment was rendered and signed, or to August 31, 1978, the day notice of the signing of the judgment was mailed. We hold that the seven-day delay for applying for a new trial began to run on September 1, 1978 and expired on September 12, 1978 (September 4 being a legal holiday), and the 30-day delay for appealing began to run on September 13, 1978 and expired on October 12, 1978, so that the appeal filed on October 10,1978 was timely.
At the close of the hearing on August 7, 1978, the trial judge stated he “will deny the new rule for custody” and instructed counsel to prepare a judgment. Signifi *905 cantly, the judge left the matter open in order to allow the parties to work out the dispute over past due child support and indicated that the judgment should contain the disposition of that dispute.
Under these circumstances the matter should be regarded as having been taken under advisement, so that the delay for appealing did not commence until mailing of the notice of signing of the judgment.[1] C.C.P. art. 1913. This view is in accord with the public policy of maintaining appeals whenever possible.
Accordingly, the motion is denied.

MOTION DENIED.

. We do not reach appellant’s argument that October 9, 1978 (which was the last day for appealing, if the delay commenced on August 29, 1978) was a legal holiday under R.S. 1:55 A. However, we note that R.S. 1:55 E, which enumerates the legal holidays on which the clerk of the district court is required to close, does not include Columbus Day.