ORDER
PLOTKIN, Judge.
This matter is before us on the Plaintiffs motion to dismiss the defendant’s suspen-sive appeal as untimely.
On October 22, 1990, the plaintiff, Melva Fruge, was awarded a $150,000 judgment against the defendant, the City of New Orleans. At the conclusion of the trial, the judge recessed court to deliberate, then returned to the bench and rendered oral reasons for judgment. All parties and *1201 their counsel were present. The trial court instructed plaintiffs counsel to prepare a written judgment, which was signed two days later, on October 24, 1990.
The defendant did not file a request for notice of judgment and none was issued. A copy of the signed judgment was never forwarded to the defendant.
Subsequently, defendant’s counsel discovered the signed judgment and filed a petition for a suspensive appeal on August 1, 1991. On February 3, 1991, plaintiff filed a motion to dismiss the appeal. We ordered the appeal dismissed on February 25, 1992.
The Court Ex-Proprio Motu recalls and vacates the February 25, 1992 order and issues the following opinion.
L.C.C.P. art. 1913(B) was amended in 1990, to control the procedural pitfalls which occur in a contested case when a trial judge renders oral reason for judgment at the trial’s conclusion, and subsequently signs a written judgment, or takes a matter under advisement. Art. 1913(B) provides:
Except as otherwise provided by Article 3307, in every contested case, except in the case where the judgment rendered is signed the same day as trial and all counsel or parties not represented by counsel are present, notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
The unambiguous language of the article regulates two trial problems relating to the rendition of judgments when all counsel or parties not represented by counsel are present.
The first situation is when the trial court orally renders a judgment and signs the judgment the same day. When this occurs, the parties receive notification of the judgment because of their presence in the court. The clerk is not required to mail a notice of signing of the final judgment.
The second possibility occurs when the court renders oral reasons for judgment and subsequently signs a written judgment. This is analogous to taking a case under advisement. The old version of L.C.C.P. art 1913 provided that notice of judgment was to be mailed when requested or when a case was taken under advisement. The newly amended version of L.C.C.P. art. 1913 provides that in every contested case, when the judgment is not signed the same day as trial and all counsel are present, notice of judgment is to be issued by the clerk. Therefore, in every contested case, a party is entitled to receive a notice of judgment when the court does not sign a judgment on the same day of trial.[1] Washington v. DOTD, 593 So.2d 665 (La.App. 1st Cir.1991).
Under this civil procedure article, the defendant is entitled to receive a notice of judgment, which was not issued in this case. Thus, the defendant’s suspensive appeal is timely. The motion to dismiss the appeal is denied.

. L.C.C.P. art. 1913(D) provides exceptions to the issuance of notice of judgment.