595 So.2d 1238 (1992)
Ella Mae GOULD, et al.,
v.
HOUSING AUTHORITY OF NEW ORLEANS, et al.
No. 90-CA-1355.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 1992.
*1239 Roy F. Amedee, Jr., O'Keefe, O'Keefe & Bernstein, New Orleans, for defendant-appellant/HANO.
Roy J. Rodney, Jr., McGlinchey, Stafford, Cellini & Lang, New Orleans, for defendant-appellant/National Union Fire Ins. Co.
Godfrey Bruce Parkerson, Phelps Dunbar, New Orleans, for defendant-appellant/Republic Ins. Co.
Joseph W. Rausch, Stassi, Rausch & Giordano, Metairie, for defendant-appellant/Southern American Ins. Co.
Joseph Maselli, Jr., Plauche & Maselli, New Orleans, for defendant/appellee/U.S. Fire Ins. Co.
Donald E. Scott, John M. Walker, Kirkland & Ellis, Washington, D.C., for defendant-appellee/NL Industries, Inc.
Alvin R. Christovich, Jr., C. Edgar Cloutier, III, Christovich & Kearney, New Orleans, Donald A. Bright, Dean Harris, Los Angeles, Cal., for defendant-appellee/Atlantic Richfield Co.
Charles L. Chassaignac, Jonathan C. McCall, Chaffee, McCall, Phillips, Toler & Sarpy, New Orleans, Dale A. Normington, Cleveland, Ohio, Paul M. Pohl, Charles H. Moellenberg, Jr., Jones, Day, Reavis & Pogue, Pittsburgh, Pa., for defendant-appellee/Sherwin-Williams Co.
Frederick William Bradley, Kathleen F. Ketchum, Liskow & Lewis, New Orleans, for defendant-appellee/NL Industries, Inc.
John C. Reynolds, Hal C. Welch, C. David Vasser, Jr., Lemle & Kelleher, New Orleans, G. Marc Whitehead, Janie S. Mayeron, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, Minn., for defendant-appellee/SCM Corp.
*1240 Before SCHOTT, C.J., and BYRNES and LOBRANO, JJ.
SCHOTT, Chief Judge.
This is an appeal by the Housing Authority of New Orleans, HANO, from a judgment of the trial court dismissing its third party demand against Atlantic Richfield Company, The Sherwin-Williams Company, SCM Corporation, and NL Industries, Inc., hereinafter sometimes collectively referred to as the pigment producers. The principal issue is whether HANO's last supplemental petition states a cause of action.
Subsequent to the lodging of this appeal the records of ten other cases were separately lodged in this court and were assigned separate docket numbers as follows:
90-CA-1566 Freddie Mae Williams vs. HANO
90-CA-1567 Cheryl Harris et al vs. HANO
90-CA-1568 Rhonda Christy vs. HANO
90-CA-1569 Linda Williams, et al vs. HANO
90-CA-1570 Shantel Thompson, et al vs. HANO
90-CA-1571 Mattie Coverson, et al. vs. HANO
90-CA-1572 Vanessa McLain Hall, et al. vs. HANO
90-CA-1573 Trina M. Allen, et al. vs. HANO
90-CA-1574 Valerie Murray, et al vs. HANO
91-CA-0736 Althea White, et al vs. HANO
These cases were all consolidated by order of this court on July 1, 1991, and they were jointly briefed, argued and submitted. The judgment on appeal herein is the same as the one in each of the other ten cases and the reasons for the rendition of the judgment in this case pertain to all of the other cases. The cases were apparently consolidated in the trial court, but we found no order of consolidation by the trial court in any of the records.
In all of the cases the plaintiffs sued HANO for damages based upon allegations that their minor children had suffered lead poisoning from paint on the walls, ceilings and woodwork of apartments owned by HANO and rented to plaintiffs. On April 5, 1989, HANO filed third party demands against the pigment producers alleging that they produced the lead which was in the paint in the apartments. In its initial third party demand HANO conceded that it could not say whose pigment injured a particular child, but it sought recovery on a theory of "market share liability." The trial court sustained exceptions of no cause of action filed by the pigment producers because the third party petition failed to identify which producer's pigment injured each child and held that "market share liability" was not an actionable theory of recovery. The court gave HANO an opportunity to amend.
On October 6, 1989, HANO filed a supplemental and amending third party demand alleging that the pigment producers in concert with their trade association were liable on theories of products liability, misrepresentation, and conspiracy. Again the trial court sustained exceptions of no cause of action filed by the producers because HANO still failed to identify the producer whose product injured each child. Again the court gave HANO an opportunity to amend. Finally, on February 8, 1990, HANO amended its third party petition for the last time, alleging that each of the producers supplied pigment which was ultimately applied in each of the eleven apartments where the injured children resided. Again, the trial court sustained the exceptions of no cause of action and this time the third party demands were dismissed. HANO appealed.
Before reaching the merits of HANO's appeals we must first consider whether this court has jurisdiction over the appeals or whether they were taken too late. On March 16, 1990, following a hearing on the exceptions the trial judge, without taking the case under advisement, announced his decision to sustain the exceptions, and he signed the judgment on March 22nd. No application for a new trial was filed, and, on July 10, HANO took its appeal.
*1241 A devolutive appeal must be taken within sixty days of the expiration of the delay for applying for a new trial if no application has been filed. C.C.P. art. 2087. The delay for applying for a new trial is seven days exclusive of holidays from the date the judgment was signed or, when notice is required by art. 1913, from the day after the clerk mailed the notice. Art. 1974. Prior to its amendment by Act 1000 of 1990 art. 1913 provided:
If, at the conclusion of a trial a case is not taken under advisement, but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
The records of eight of the eleven cases under consideration contain requests filed by HANO in 1987 for written notices of all judgments in accordance with art. 1913. The issue is whether these requests for notice filed early in the proceedings entitled HANO to notice in order to trigger the delay for an appeal or, as the pigment producers argue, the article required HANO to make a new request for notice when the hearing was concluded and the judge announced his decision. This identical question was before the court in Guaranty Bank & Trust Co. v. Quad Drilling Corp., 284 So.2d 349 (La.App. 1st Cir.1973),
The court held:
... so long as such a request is made of record, even though long prior to the completion of the trial, the Clerk of Court is required to send notice of signing of the judgment to the party requesting same, and that the delays for appeal do not begin to run until that time, as to that party.
We subscribe to this holding.
The pigment producers argue notions of waiver because their attorneys sent copies of the judgment to HANO's attorneys as soon as it was signed, because HANO had actual knowledge of the signing of the judgment, and because during the course of this litigation all of the attorneys conducted the proceedings with some informality because the assigned ad hoc judge handling the case did not have an adequate clerical staff to process the usual paper work. These arguments have no merit. The methods employed by HANO's attorneys cannot deprive HANO of its substantive right to a notice of judgment once a request for one was filed. The obvious purpose of art. 1913 is to provide the litigant with a means to protect his right to an appeal. We cannot allow this purpose to be defeated because of the manner in which the attorneys conducted the litigation.
We conclude that in each case where the record contains a request for written notice of judgment by HANO the appeal was timely taken. However, there is no such request in three of the cases, Christy v. HANO, No. 90-CA-1568, Thompson v. HANO, No. 90-CA-1570, and Coverson v. HANO, No. 90-CA-1571. Consequently, these appeals will be dismissed as untimely under C.C.P. art. 2087.
Turning to the merits of appeal the narrow issue is whether HANO has stated a cause of action. In making this determination the standards for appellate review have been so often repeated that citation of authority is unnecessary. The allegations of the petition are accepted as true. In making this determination the court does not consider any documents, depositions, or statements not made part of the petition. The allegations must be construed liberally in favor of saving the petition as opposed to sustaining the exception. If the pleadings state a cause of action in any respect the exception should be overruled. Applying these principles to this case we find that the trial court erroneously sustained the exceptions filed by the pigment producers.
In its final supplemental and amending third party demand HANO alleged that each producer's product was incorporated into the paint applied in each apartment. The producers contend mightily that this cannot be true and HANO knows it is not true. They would even impose sanctions *1242 upon HANO for violating C.C.P. art. 863. Construing HANO's petition liberally we interpret it as "pleading in the alternative" pursuant to art. 892. In effect HANO alleged that the paint in each apartment contained the pigment produced by either one or more of the producers.
The producers argue that HANO has been trying for four years to determine whose product was in each apartment and will never be able to prove this fact. They point to voluminous discovery already undertaken by HANO. They insist that the trial court correctly dismissed HANO's demand after giving it more than sufficient time to make the identifications and after conducting several hearings on the question. None of this has any bearing on the question of whether the demand states a cause of action. Discovery has to do with evidence and plays a prominent part in the summary judgment procedure, but discovery and evidence have no part in the evaluation of the petition for the purpose of considering an exception of no cause of action. In this instance, the inquiry is limited to the four corners of the petition and in this case HANO has stated a cause of action. The trial court's insistence that HANO identify exactly which producer's product was in each apartment as a condition of stating a cause of action was an erroneous assumption which led to an erroneous judgment. Because of the conclusion we have reached we need not consider the pigment producers' arguments relative to market share or collective liability.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of third party plaintiff, HANO, and against third party defendants (the pigment producers) overruling their exceptions of no cause of action. The case is remanded to the district court for further proceedings. All costs of this appeal are taxed against third party defendants. The balance of the costs are to await the outcome of the case.
REVERSED AND REMANDED.