hARMSTRONG, Judge.
This case involves a mistaken voluntary dismissal with prejudice of an entire personal injury action despite the fact that only one of several defendants had settled with the plaintiffs. The trial court ruled that the mistaken judgment is a nullity. We find that the mistaken judgment could have and should have been set aside upon the plaintiffs’ motion for new trial and we need not reach the question of nullity. Thus, we affirm the result reached by the trial court — i.e. that the case is reinstated as to all defendants except the one which settled — but do so upon a different procedural basis than did the trial court.
The plaintiffs’ decedent, John Potter, died, allegedly from mesothelioma as a result of alleged exposure to asbestos during many years of employment with NOPSI. The plaintiffs, his widow and children, filed the present action against Mine Safety Appliances Company (“MSA”) and other companies and individuals. The plaintiffs, through their counsel, settled with MSA. The settlement agreement provides that the plaintiffs release only M.S.A. § and reserve all of their rights against all other persons whether or not parties to the pending action. All of the consideration for the settlement, $2,500.00, was paid by MSA. A motion for |2dismissal, together with the judgment of dismissal with prejudice, were prepared in the office of counsel for M.S.A. § and forwarded to plaintiffs’ counsel, who signed it for approval. Through inadvertence, the motion stated that the case had been “settled in full” and the form of the judgment provided that the entire case, not just the claim against MSA, was dismissed with prejudice. Neither MSA’s counsel nor the plaintiffs’ counsel had intended for the case to be dismissed as to any individual or entity other than MSA.
The motion to dismiss and the form of judgment were filed and the judgment was signed by the trial court on May 14, 1992. The plaintiffs’ briefs state that the clerk of the trial court did not send out a notice of the signing of that judgment as is provided for by Article 1913(B) of the Code of Civil Procedure. The defendants’ briefs do not dispute that and our own review of the record has not discovered a notice of signing of the May 14,1992 judgment.
Some time fairly soon after the signing of the May 14, 1992 judgment, additional counsel enrolled for the plaintiffs. The additional counsel, while reviewing the court record on June 9, 1992, saw that the May 14, 1992 judgment dismissed the case in its entirety. The next day, June 10, 1992, the plaintiffs filed an ex parte “Motion to Clarify Prior Motion and Order” which resulted in a June 15, 1992 order of the trial court to the effect that the May 14, 1992 judgment of dismissal was limited to MSA. Later, several defendants who had not been served previously made appearances and, in addition, a number of additional defendants were added by amended pleadings.
At some point, in the course of preparing for trial, counsel for some of the new defendants reviewed the court record and took *1120 note of the May 14, 1992 judgment of dismissal and the June 15, 1992 order of clarification. Based upon |3the position that the ex pmte motion to clarify was not a proper means to modify the May 14, 1992 judgment, and that the June 15, 1992 order of clarification was an absolute nullity, many of the defendants filed exceptions of res judicata, prescription or no cause of action. In response, the plaintiffs filed (1) a motion for new trial which sought to vacate or modify the May 14, 1992 judgment of dismissal so that it would be limited to M.S.A. § and (2) a “Petition for Declaratory Judgment or, In the Alternative, Supplemental and Amending Petition to Annul Judgment” which sought, in effect, to annul the May 14, 1992 judgment. The defendants, in turn, filed additional exceptions as well as answers to the petition to annul.
The trial court held a hearing on the defendants’ exceptions, the plaintiffs’ new trial motion and the plaintiffs’ petition to annul. Plaintiffs’ counsel and MSA’s counsel testified and their testimony established that the plaintiffs had settled only with MSA, that only M.S.A. § had made any payment ($2,500.00) in settlement, and that the motion and the proposed form of order to dismiss the entire case were simply a mistake. The trial court overruled the defendants’ exceptions, denied the plaintiffs’ new trial motion solely on the ground that it was untimely, and held the May 14, 1992 judgment of dismissal null and void. The defendants then brought the present appeal.
We hold that the plaintiffs’ new trial motion was timely and, under the circumstances, undoubtedly should have been granted. Because of its decision that the May 14,1992 judgment was null and void, we feel certain that the trial court would have granted the plaintiffs’ new trial motion except for the trial court’s impression that the new trial motion was untimely. In any case, under the 14circumstances, it would have been an abuse of discretion to have denied the new trial motion.[1]
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913”. La.Code Civ. Proc. art. 1974. The May 14,1992 judgment of dismissal with prejudice was a “final judgment”, La.Code Civ. Proc. arts. 1673, 1841, so it was subject to Article 1913 which provides:
A. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
B. Except as otherwise provided by Article 3307, in every contested case, except in the case where the judgment rendered is signed the same day as trial and all counsel or parties not represented by counsel are present, notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
C. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
D. Except as otherwise provided in the first two paragraphs of this Article, notice of the signing of a final judgment is not required.
La.Code Civ. Proc. art. 1913.
_|sln particular, the May 14, 1992 judgment of dismissal is subject to paragraph B of Article 1913. Some of the defendants argue that paragraph B is not applicable because this is not a “contested case” as referred to in that paragraph. They base this argument on the fact that the May 14, 1992 judgment *1121 was the result of a voluntary motion to dismiss. We are unpersuaded by this argument. In the first place, paragraph B refers to a “contested case ”, not a contested judgment. The case is undoubtedly contested by all defendants except M.S.A. § and, even as to MSA, the ease was contested up until there was a settlement. Furthermore, when paragraphs A and B are read together, it is apparent that “contested case” refers to cases in which an answer or exceptions are filed so that there is not a default situation— paragraph A provides for the notice of a default judgment to be served by the sheriff while paragraph B provides for the notice of a final judgment in a contested case to be mailed by the clerk. In other words, the paragraph B reference to a “contested case” clarifies that, except in a default situation, mailing of the notice by the clerk is sufficient and sheriffs service is not required.[2]
We have held repeatedly that, when notice of the signing of a judgment is required by Article 1913(B), the delays for new trial motions and appeals do not run unless and until the clerk mails the required notice. Gould v. HANO, 595 So.2d 1238, 1241 (La.App. 4th Cir.1992); Fruge v. City of New Orleans, 595 So.2d 1200, 1201 (La.App. 4th Cir.1992); Juengain v. Johnson, 571 So.2d 167, 168 (La.App. 4th Cir.1990); Schlegel v. Schlegel, 367 So.2d 904, 905 (La.App. 4th Cir.1979). Even actual notice of the signing of a judgment does not start thejerunning of the delays for new trial motions or appeals absent the clerk’s mailing of the notice of signing of the judgment. Gould, 595 So.2d at 1241. Accord State, DOTD v. Unknown Owners, Nos. 27, 150-CA, 27, 151-CA (La. App.2d Cir. 9/27/95), 661 So.2d 626, 628, writ denied, No. 95-C-2497 (La.12/15/95), 664 So.2d 459; Johnson v. East Carroll Detention Center, No. 27, 075-CA (La.App.2d Cir. 6/21/95), 658 So.2d 724, 727; Ponder v. Reían Produce Farms, Inc., 439 So.2d 498, 500 (La.App. 1st Cir.1983); Broussard v. Anna-loro, 265 So.2d 648, 650 (La.App. 3rd Cir. 1972).
For the foregoing reasons, the judgment of the trial court is amended in that the plaintiffs’ motion for new trial is granted and the judgment of dismissal with prejudice of May 14, 1992 is vacated except as to defendant MSA. We remand for further proceedings.
AFFIRMED; AMENDED AS AFFIRMED AND REMANDED.

. From the hearing transcript, it appears that it was not brought specifically to the trial court's attention that, because the clerk of the trial court had not mailed a notice of signing of the May 14, 1992 judgment, the delay for a new trial motion had never begun to run. As discussed below, this point is dispositive as to the timeliness of the new trial motion.

. Article 1913(B) provides for an exception for Article 3307 homologation proceedings which is obviously inapplicable. Also, Article 1913(B) provides an exception for cases in which the judgment is signed on the day of trial with all counsel and unrepresented parties present, and that exception is likewise clearly inapplicable.