HANS J. LILJEBERG, Judge.
1¡¿Plaintiff, Frank J. Benoit, Sr., appeals the 24th Judicial District Court judgment dismissing his Petition to Vacate/Annul Hearing Order. For the following reasons, we vacate the judgment of the district court and remand the matter for further proceedings.

Procedural History

From the designated record before this Court, the procedural and factual posture of this case is as follows:
On July 11, 2005, Mr. Benoit filed a Rule to Recalculate and Reduce Child Support (hereinafter “Rule ”) in Division “K” of the 24th Judicial District Court. The district court set the Rule for a hearing on August 24, 2005. The minute entry of August 24, 2005, reflects that only Mr. Benoit was present on that date and the matter was continued. Several days later, Hurricane Katrina struck the Gulf Coast and the court was closed for an extended period of time. Due to this closure and Mr. Benoit’s inability to serve Ms. Benoit, the matter was subsequently continued. Mr. Benoit filed motions to reset his Rule on November 14, 2005, and February 1, 2006. On August 16, 2006, with Mr. Benoit’s counsel present in open court, the hearing on the Rule was continued without date.
| -¡Thereafter, on September 20, 2006, following a hearing on Ms. Benoit’s Motion for Contempt and to Make Delinquent Child Support Executory, the domestic hearing officer recommended that Mr. Be-noit’s Rule be dismissed due to his failure to appear.[1]
*362 On April 29, 2009, the matter of support was transferred to juvenile court for consolidation due to the Louisiana Department of Children and Family Services’ action against Mr. Benoit for failure to pay child support. On September 15, 2009, Mr. Benoit again filed a motion in juvenile court to reset the July 11, 2005 Rule. On May 13, 2010, the juvenile court judge ruled that Mr. Benoit’s Rule was abandoned prior to the matter being transferred to juvenile court under La. C.C.P. art. 561.[2]
On July 26, 2012, Mr. Benoit returned to the 24th Judicial District Court, wherein he filed a Petition to Vacate!Annul Hearing Order, praying that the district court vacate and annul the September 20, 2006 recommendation of the domestic hearing officer dismissing his Rule. Mr. Benoit asserted that the dismissal of his Rule was a nullity because he was not served or given notice of the September 20, 2006 hearing. On October 26, 2012, the district court conducted a hearing and dismissed Mr. Benoit’s petition. This appeal follows.

Discussion

In his sole assignment of error, Mr. Benoit asserts that the district court erred in dismissing his Petition to Vacate/Annul the September 20, 2006 domestic hearing officer recommendation dismissing his Rule. In dismissing Mr. Benoit’s petition, the district court found that the Rule was abandoned and no basis existed to annul or vacate the Rule based upon fraud or ill practice.
[4In the designated record before us, an August 24, 2005 order reflects that the Honorable Martha Sassone ordered that Mr. Benoit’s child support obligation be decreased from $985.00 per month to $674.00 per month to be made effective immediately. In brief to this Court, neither party references the order and it is apparent from the transcript that the district court did not consider the order in ruling on Mr. Benoit’s petition. While the August 24, 2005 minute entry reflects that the matter was continued, the signed order of the district court prevails. See Dalby v. U.S. Fidelity & Guaranty Co., 365 So.2d 568, 571 (La.App. 1 Cir.1978); Martin v. Metropolitan Life Ins. Co., 516 So.2d 1227, 1231 (La.App. 2 Cir.1987).
We find that the district judge erred in failing to consider the August 24, 2005 order, decreasing Mr. Benoit’s child support obligation and the effects of such order, whatever they may be, on the instant proceedings.[3]

Decree

Considering the foregoing, we vacate the judgment of the district court dismissing Mr. Benoit’s Petition to Vacate/Annul Hearing Order and remand the matter to the district court for further proceedings consistent with this opinion.

VACATED & REMANDED.

. From the designated record, it does not appear that Mr. Benoit received notice to appear on that date, nor does it appear that Mr. Benoit’s Rule was set for that date.

. The judgment of the juvenile court is not before this Court on appeal.

. The designated record before us does not reflect that either party was served with notice of the district court’s August 24, 2005 order decreasing Mr. Benoit’s support obligation. See La. C.C.P. art. 1913; Potter v. Patterson, 96-1172 (La.App. 4 Cir. 3/19/97), 690 So.2d 1118. As such, time delays for taking an appeal of the judgment have not yet run under La. C.C.P. arts. 2087 and 2123.