STATE OF LOUISIANA          *       NO. 2017-KA-1016

VERSUS                      *       COURT OF APPEAL

DARREN WALLACE              *       FOURTH CIRCUIT

                            *       STATE OF LOUISIANA

                        * * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 388-841  C\W 388-842, 388-843, 388-844, DIVISION "E"
Honorable Jacques A. Sanborn, Judge

                        * * * * * *
**JUDGE SANDRA CABRINA JENKINS**
                        * * * * * *

(Court composed of Judge Terri F. Love,
Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

Perry Michael Nicosia, District Attorney
David C. Jarrell, Assistant District Attorney
ST. BERNARD PARISH
1101 W. St. Bernard Hwy.
Chalmette, LA 70043

        COUNSEL FOR APPELLANT

Jon S. McGill
Donald Dorenkamp II
THE LAW OFFICES OF JON S. MCGILL, LLC
235 Derbigny Street, Suite 100
Gretna, LA 70053

        COUNSEL FOR DEFENDANT/APPELLEE

                **APPEAL DISMISSED**

            **NOVEMBER 13, 2019**

The State of Louisiana appeals the district court's December 30, 2013 judgment granting the motion to set aside a judgment of bond forfeiture rendered on April 16, 2013. Following this Court's holding in *State v. Financial Casualty and Surety, Inc.*, 17-1014, 18-0242 (La. App. 4 Cir. 11/7/18), __ So.3d __, 2018 WL 5830381, *writ denied*, 19-0113 (La. 6/17/19), 274 So.3d 1258, we find the State's appeal of the December 30, 2013 judgment untimely and we dismiss the appeal with prejudice.

## PROCEDURAL BACKGROUND

In October 2012, following his arrest on multiple felony charges, defendant, Darren Wallace, secured a commercial surety bond with Accredited Surety & Casualty Company, Inc. ("ASC") to post bail in the amount of $30,000.00. Subsequently, the State filed a bill of information charging defendant with one count of possession of a firearm by a convicted felon. In January 2013, defendant appeared for arraignment, entered a plea of not guilty, and received notice in open court of his April 2, 2013 trial date. On the date set for trial, defendant failed to

appear and the State moved for forfeiture of defendant's bond. On April 16, 2013, the district court signed the judgment of bond forfeiture, rendering judgment in favor of the State and against defendant, as principal, and ASC, as surety, in the amount of $30,000.00.

On August 16, 2013, ASC filed a motion to set aside the judgment of bond forfeiture, pursuant to La. C.Cr.P. arts. 345, 349.5, and 349.9,[1] averring that

---

[1] These articles of the Louisiana Code of Criminal Procedure, relative to the surrender of the defendant and nullity of judgments of bond forfeiture, were repealed by the legislature, effective January 1, 2017, by 2016 La. Acts No. 613 §4. However, at the time the motion to set aside judgment of bond forfeiture was filed and ruled upon in this case, the following statutes were in effect and applicable to this case.

La. C.Cr.P. art. 349.5 provided, in pertinent part, as follows:

B.      The defendant and his sureties shall be entitled to assert defenses pursuant to Article 345 and 349.9 by use of summary proceedings in the criminal matter before the trial court that issued the judgment of bond forfeiture within one hundred eighty days after the date of mailing the notice of the signing of the judgment of bond forfeiture.

La. C.Cr.P. art. 345 provided, in pertinent part, as follows:

B.      If the defendant is incarcerated by the officer originally charged with his detention at any time prior to forfeiture or within the time allowed by law for setting aside a judgment for forfeiture of the bail bond, the surety may apply for an receive from any officer in charge of any facility in the state of Louisiana or a foreign jurisdiction charged with the detention of the defendant a letter verifying that the defendant is incarcerated, …
…
D.      If during the period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
        (1) The defendant or his sureties file a motion within the period allowed for the surrender of the defendant. The motion shall be heard summarily.
        (2) The sureties of the defendant provide the court adequate proof of incarceration of the defendant, or the officer originally charged with his detention verifies his incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant at the time the defendant or the surety files the motion, shall be deemed adequate proof of the incarceration of the defendant.
        (3) The defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention prior to the defendant's return.
…
F.      When the defendant has been surrendered in conformity with this Article or a letter of verification of incarceration has been issued to the surety as provided

2

defendant was presently incarcerated in Orleans Parish. ASC supplemented its motion with a letter of incarceration, dated August 15, 2013, verifying defendant's incarceration in the Orleans Parish Prison from July 29, 2013 "thru Present." In consideration of the motion, the district court set the matter for hearing on October 8, 2013.

On October 8, 2013, the State and ASC appeared for the hearing on the motion to set aside bond forfeiture. In support of the motion, ASC relied upon the letter of incarceration verifying defendant's incarceration in Orleans Parish within one hundred-eighty days of the judgment of bond forfeiture, pursuant to the applicable provisions of La. C.Cr.P. arts. 349.5(B), 345(D), and 349.9(C). In response, the State raised no objection to ASC's motion or the evidence presented in support; the State submitted the matter to the district court on the record, stating as follows:

for in this Article, the court shall, upon presentation of the certificate of surrender or the letter of verification of incarceration, order that the surety be exonerated from liability on his bail undertaking and shall order any judgment of forfeiture set aside.

La. C.Cr.P. art. 349.9 provided, in pertinent part, as follows:

A. A judgment decreeing the forfeiture of an appearance bond shall not be rendered if it is shown to the satisfaction of the court that the defendant, principal in the bond, is prevented from attending because of any of the following:
…
(2) He is being detained in the jail or penitentiary of another jurisdiction.

C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for any reason enumerated in this Article, and if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within one hundred eighty days after the date of the mailing of the notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for any cause enumerated in this Article, the court shall declare the judgment of bond forfeiture null and void.

3

> Your Honor, it shows there is an incarceration letter that has been filed into the record showing that the defendant was incarcerated in Orleans Parish Prison beginning July 29th, 2013, which I believe is within six months of the date that he missed court. State will submit on that record.

The district court then granted ASC's motion to set aside bond forfeiture. The State raised no objection to the district court's ruling. Subsequently, on December 30, 2013, the district court signed the written judgment setting aside and vacating the April 2, 2013 judgment of bond forfeiture.

On August 9, 2017,[2] the State filed a motion for new trial on ASC's motion to set aside bond forfeiture, asserting that the December 30, 2013 judgment setting aside the bond forfeiture was contrary to the law because ASC had not complied with all requirements for setting aside the bond forfeiture, pursuant to La. C.Cr.P. art. 345(D). The State also asserted that its motion for new trial was timely, pursuant to La. C.C.P. art. 1974, because no notice of signing of the judgment setting aside the bond forfeiture had been served on the State. The State also filed a motion to vacate the judgment setting aside the judgment of bond forfeiture, arguing that it was not properly served with notice of the hearing on ASC's motion to set aside bond forfeiture.

Following a hearing on the State's motions, the district court rendered judgment on November 14, 2017, denying the State's motion for new trial and motion to vacate. This appeal followed.

---

[2] We note that, on July 14, 2015, the State nolle prosequied the case against defendant because he was deceased.

## DISCUSSION

The State now appeals the district court's December 30, 2013 judgment granting ASC's motion to set aside the judgment of bond forfeiture. The State avers that it discovered, on or about December 23, 2016, that the record of this case was devoid of evidence showing that ACS paid the requisite costs to transport defendant as a condition of setting aside the judgment of bond forfeiture, pursuant to La. C.Cr.P. art. 345(D). The following year, on August 9, 2017 and October 12, 2017, respectively, the State filed a motion for new trial and a motion to vacate the judgment setting aside the bond forfeiture, which were denied by the district court.

*Timeliness of the Appeal*

Despite the nearly four year delay in filing the motion for new trial on the judgment setting aside the bond forfeiture, the State asserts this appeal is timely, arguing that it did not receive a notice of signing of the December 30, 2013 judgment and the delay for applying for a new trial never commenced. The State previously asserted this argument, under nearly indistinguishable procedural facts, in *Financial Casualty*, 17-1014, 18-0242, __ So.3d __, 2018 WL 5830381. This Court addressed the timeliness of the State's appeal as follows:

> "[W]hile an action to forfeit a bail bond or to declare null a judgment decreeing the forfeiture of a bail bond is a civil proceeding and subject to the rules of civil procedure, it is treated as a criminal proceeding for the purpose of determining appellate jurisdiction." *State v. Wheeler*, 508 So.2d 1384, 1386 (La. 1987). As a final, appealable judgment subject to the Louisiana rules of civil procedure, Appellant [the State] had sixty (60) days from "[t]he expiration of the delay for applying for a new trial or judgment notwithstanding the verdict if no application has been filed timely[,]" or from "[t]he date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as

5

provided under Article 1914" to file its devolutive appeal. La. C.C.P. art. 2087. "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." La. C.C.P. art. 1974. "[N]otice of the signing of a final judgment . . . is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel." La. C.C.P. art. 1913. In this case, there is no evidence the clerk of court mailed the notice of signing of judgment to Appellant.

The district court granted the motion to set aside and rendered a written judgment on January 26, 2016, in open court. Appellant filed a motion for new trial on August 9, 2017, well beyond the time limits set forth in La. C.C.P. art. 1974. The district court denied the motion on November 20, 2017. On November 27, 2017, Appellant filed its motion for devolutive appeal. Appellant submits that its appeal is timely because it was never provided with notice of the signing of judgment pursuant to La. C.C.P. art. 1913, and that as a result, the delay for applying for a new trial never commenced.

We find Appellant's argument to be without merit. We note that this Court has previously held that La. C.C.P. art. 1913(B) applies "to a 'contested case', not a contested *judgment*." *Potter v. Patterson*, 1996-1172, p. 5 (La. App. 4 Cir. 3/19/97), 690 So.2d 1118, 1120-21. While the underlying criminal case may indeed have been contested, the bond forfeiture proceeding was an independent civil proceeding that stood apart, and cannot be fairly described as "contested" given the State's submission on the record.

*Financial Casualty*, 17-1014, 18-0242, pp. 6-7, __ So.3d at __. This Court reviewed the record of the case, noting that the State was present for the hearing on the motion to set aside the judgment of bond forfeiture, submitted the matter on the record, and lodged no objection to the trial court's judgment granting the surety's motion. *Id*.

In this case, as in *Financial Casualty*, "[t]here is no evidence suggesting that the State was not fully aware of the proceedings" on the surety's motion to set aside judgment of bond forfeiture and the ruling thereon. *Id*., 17-1014, 18-0242, p. 7. The State was present at the October 8, 2013 hearing on ASC's motion to set aside judgment of bond forfeiture; the State submitted the matter on the record; and

6

the State did not object to the district court's judgment granting ASC's motion. We agree with this Court's reasoning in *Financial Casualty* that the independent proceeding to set aside the bond forfeiture was not a contested case within the meaning of La. C.C.P. art. 1913(A), and that the State received notice in open court of the district court's judgment, to which the State did not object. Thus, under these facts, we find the provision for notice of signing of judgment in La. C.C.P. art. 1913(A) inapplicable, and we find no merit to the State's argument that the delay for filing the motion for new trial never commenced. Furthermore, when no notice of signing of judgment is required, the delay for applying for a new trial commences on the day after the judgment is signed. *See* Frank L. Maraist, 1 La. Civ. L. Treatise, Civil Procedure § 14.6 (2d ed., 2018). In this case, the State filed its motion for new trial well beyond the seven-day time period pursuant to La. C.C.P. art. 1974; and an untimely motion for new trial does not suspend appeal delays. *See Bellco Electric, Inc. v. Miller*, 08-785, pp. 4-5 (La. App. 5 Cir. 3/24/09), 10 So.3d 797, 799-800. Consequently, we find this appeal untimely, and we are without jurisdiction to consider its merits.

## CONCLUSION

For the foregoing reasons, and following this Court's holding in *Financial Casualty*, 17-1014, 18-0242, __ So.3d __, 2018 WL 5830381, *writ denied*, 19-0113 (La. 6/17/19), 274 So.3d 1258, we find the State's appeal untimely and we dismiss it with prejudice.

**APPEAL DISMISSED**

7